## Fay Riddlesbarger, Appellee, v. Rufus Riddlesbarger, Appellant.

### Gen. No. 45,736.

Opinion filed September 9, 1952. Released for publication September 23, 1952.

ECKERT, PETERSON & LEEMING, of Chicago, for appellant.

ARTHUR ABRAHAM, and RALPH J. GUTGSELL, both of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The history of this long and bitter marital struggle is to be found in *Riddlesbarger v. Riddlesbarger,* 324 Ill. App. 176; *Riddlesbarger v. Riddlesbarger,* 341 Ill. App. 107; and in an unreported opinion abstracted in *Riddlesbarger v. Riddlesbarger,* 336 Ill. App. 226. After the setting aside of a decree of divorce obtained by the husband by means of perjured testimony and compulsion, the wife sought and obtained a decree with an allowance of alimony in gross and attorneys' fees. This decree was affirmed, 336 Ill. App. 226, and leave to appeal was denied by the Supreme Court on March 22, 1949. On April 1, 1949 judgment was satisfied. On May 23, 1949 plaintiff filed the petition here in question, asking for additional attorneys' fees and expenses incurred in enforcing the decree and in defense of the appeal. To this petition defendant filed a special appearance, challenging the jurisdiction of the court to entertain the petition. As was stated in the opinion of MR. PRESIDING JUSTICE FRIEND, 341 Ill. App. 107,

32

at pp. 113–14, the gist of defendant's pleadings was that the jurisdiction of the court was exhausted when on April 1, 1949 the judgment was satisfied in full. The trial court sustained defendant's contention and dismissed the petition for want of jurisdiction. An appeal was thereupon taken to the Appellate Court, and this court reversed and remanded the order of the lower court, directing the court to entertain the petition and to determine the amount of attorneys' fees.

Thereafter, the matter was referred to a master to determine the amount of attorneys' fees. The master found for plaintiff in the amount of $17,610 plus $553.24 for costs and expenses. Objections and exceptions to the report were overruled in due course and a decree was entered in accordance with the recommendations of the master, after reducing the attorneys' fees to $15,000. Master's fees were allowed in the sum of $599. From this decree defendant appealed directly to the Supreme Court on an alleged constitutional ground that due process was denied because the circuit court lacked jurisdiction of the subject matter. The Supreme Court of Illinois transferred the case to the Appellate Court, and we are again faced with what we hope will be the last decision in this violent marital contest.

No point is made with respect to the amount of the fees. Appellant here contends, as he did when before this court on the previous order relating to the same subject matter, that the circuit court had no jurisdiction. On the former hearing the point which was made is clearly stated in the opinion at 341 Ill. App. 107, pp. 113–14. The court there stated the following:

"Riddlesbarger expressly admits in his brief and conceded on oral argument that the jurisdiction of the court to allow fees for services rendered by Mrs. Riddlesbarger's attorneys in the defense of the appeal

and in the enforcement of the decree was not divested by the entry of the decree or by the order of the Supreme Court denying leave to appeal. * * * Counsel say that the order of affirmance by the Appellate Court and the order of the Supreme Court denying leave to appeal had the effect of putting the case back in the trial court where jurisdiction had been reserved for the purpose of enforcing the decree, and that 'certainly, at that stage of the proceeding, the trial court had jurisdiction of the parties and subject matter to whatever extent was necessary to enforce the decree. If plaintiff had filed her petition for an allowance of fees at that point in the litigation, there would be no question about the trial court having jurisdiction,' but, we are told, 'the point is that plaintiff did not elect to bring the question before the trial court until after the only judgment in the case was satisfied.' In view of these admissions, the issue is narrowed down to the question whether or not the well-settled jurisdiction of the court to allow fees for services rendered after entry of the decree in defense of the appeal and the enforcement of the decree is in any way divested by the circumstance that the petition for the allowance of those fees was filed after the hasty payment and satisfaction of the money judgment contained in the divorce decree.''

■■ It is thus clear that on the previous appeal, it was admitted that the denial of leave to appeal had the effect of putting the case back in the trial court; that at that point the court could have entertained a petition for fees such as is here involved, and jurisdiction was not lost until after satisfaction of the decree. Obviously this was done to give their position some aspect of reasonableness. In his appeal to this court, defendant now makes the point that under the statute, an application for payment of money for the defense on appeal must be made during the pend-

34

ency of the appeal. In order to reconcile his present position with his position on the former appeal, he argues that the appeal was still pending after the denial of the petition for leave to appeal and up to the time of the entry of the satisfaction of the decree. That this is an entirely different point and inconsistent with the point previously made is apparent from a reading of that part of the previous opinion from which we have quoted (*supra*). On that appeal, counsel for defendant not only stated that the order of the Supreme Court denying leave to appeal had the effect of putting the case back into the trial court where jurisdiction had been reserved for the purpose of enforcing the decree, but that "certainly, at that stage of the proceeding, the trial court had jurisdiction of the parties and subject matter to whatever extent was necessary to enforce the decree." What he is now saying is that the case was back in the trial court and at the same time pending on appeal. Defendant is forced to argue for this untenable position in order to avoid the effect of his admission on the prior appeal. In our opinion, the point cannot now be made. Courts require a consistency of position in order that litigation may be disposed of. A party may not seek the judgment of the court on one view of a case and then after procuring an adverse ruling from the Appellate Court on that point, take an inconsistent position. *Kellner v. Schmidt,* 328 Ill. 426; *Leigh v. National Hollow Brake-Beam Co.,* 224 Ill. 76; *Henry v. Metz,* 382 Ill. 297.

This case is distinguishable from those cited by defendant, in which application is made for attorneys' fees after dismissal of a complaint either on motion of one of the parties or by agreement. *Barnett v. Barnett,* 341 Ill. App. 26, is the only case cited by defendant which has any bearing on this issue. There plaintiff appealed, and it was held that since plaintiff was the appealing party, she was not entitled to any fee or

expenses. While the court used some language with respect to an application for fees or expenses after termination of a suit as coming too late, it is clear that the real basis for the decision was the fact that plaintiff was prosecuting an appeal and not defending. This is the only case which seems to have any relevancy to the issue here presented.

■■ However, we do not need to rest this decision on that ground. We think any fair construction of the statute authorizes an allowance after the proceedings on appeal have ended and after the decree has been satisfied. The statute in question reads as follows:

"In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper." (Ill. Rev. Stat., ch. 40, par. 16) [1951; Jones Ill. Stats. Ann. 109.183].

Defendant interprets this statute as if it were a rule of practice, fixing the time in which the court could entertain a petition for money for the defense of a suit and for alimony as being "during the pendency of the appeal," and at no other time. Obviously, the purpose of the statute was to protect the spouse in whose favor a decree had been rendered from being subjected to the hardship of an appeal during which payments were suspended and expenses would be incurred for defending the litigation. The determination of those expenses could not definitely be made until conclusion of the appeal. In our opinion the proper construction of the statute is that it provides for payment of such expenses and alimony as may be incurred during the pendency of the appeal and not as laying down a rigid rule of practice requiring petitions for

36

alimony and expenses to be filed at any particular time. That was left to the determination of the courts.

A full and complete discussion of the law pertaining to the practice in matters such as this is to be found in our former opinion, 341 Ill. App. 107. We there held that it was well settled that a supplemental bill, seeking to enforce rights omitted in an original bill, may be filed after decree and that if the petition in the case at bar be regarded as a supplemental proceeding, the court had jurisdiction to act with or without a prior reservation of jurisdiction, since plaintiff's petition does not seek to avoid or impeach the decree (341 Ill. App. 107, at 116). We also held that jurisdiction of a court of chancery over undisposed-of matters does not end at the expiration of the term at which a particular final decree may be entered (341 Ill. App. 107, at 118).

*Decree affirmed.*

ROBSON, P. J. and TUOHY, J., concur.