Robert H. Holmes, Appellant, v. Clarence Kammerman et al., Appellees.

Gen. No. 46,833.

First District, Second Division.
May 29, 1956.
Released for publication June 19, 1956.

Favil David Berns, of Chicago, for appellant.

Louis W. Reinecker, of Chicago, for Clarence Kammerman, appellee; C. E. McElhaney, Jr., of Chicago, of counsel.

JUDGE SCHWARTZ delivered the opinion of the court.

This is an action for false arrest and imprisonment growing out of a divorce case instituted by plaintiff in February 1948 against defendant Florence Garrett Holmes. The other two defendants, Clarence Kammerman and Hugh E. Johnson, were Mrs. Holmes' attorneys in that case.

█ The court on motion dismissed the complaint June 21, 1955. A motion to vacate that order was made by plaintiff and on September 12, 1955 the court entered an order denying the motion to vacate. Plaintiff appealed from that order. He has not appealed from the order of June 21, 1955 dismissing the complaint. The motion to vacate is unsupported by affidavit and does not present an adequate basis upon which the court could be required to vacate the order. Soverino v. Baltimore & O. R. Co., 2 Ill.App.2d 357. It merely asserts and argues matters which were or should have been presented to the trial court at the time of the hearing on the motion to dismiss. If dissatisfied with the court's ruling on the motion to dismiss plaintiff should have prosecuted his appeal therefrom. A motion to vacate is not a proceeding to prolong or delay a final adjudication. But as defendants have undertaken to argue and discuss the questions involved on the motion to dismiss, we will here consider them.

The complaint charges that on February 17, 1948 plaintiff filed a complaint for divorce in Saline County, Illinois; that subsequently Florence Garrett Holmes engaged defendants ClarenceKammerman and Hugh E. Johnson to represent her; that a decree of divorce was entered; that an appeal was taken to the Appellate

452

Court; that while the appeal was pending the trial court on November 18, 1948 wrongfully assumed jurisdiction and entered an order upon plaintiff to pay $450 as and for appeal costs and attorneys' fees for defendant in connection with the appeal from the divorce decree. (Plaintiff had appealed from the money provisions and a cross-appeal from the provision granting the divorce had been filed by defendant Florence Garrett Holmes.) The complaint then charges that defendants wrongfully caused a mittimus to be issued for plaintiff's arrest and that on December 18, 1952 plaintiff was taken against his will to the office of the Sheriff of Saline County and there imprisoned for several hours, during which time he suffered great indignity. The complaint further charges that on January 18, 1954 it was held that the order of November 18, 1948 was null and void and that thereby plaintiff sustained damages in the sum of $15,000.

To this the defendants filed their motion for involuntary dismissal. Among other grounds they alleged that the action in question was barred by a prior judgment. (Ill. Rev. Stat. 1953, ch. 110, sec. 172, subd. (2).) They contend that the order of November 18, 1948, the invalidity of which is the basis of plaintiff's action, had been repeatedly attacked by plaintiff in both the trial and appellate courts and that it continued to stand as a valid order which could not be attacked collaterally. They also contend that the decree entered January 13, 1954, whereby plaintiff paid the defendant attorneys' fees constituted an accord and satisfaction and that the release of Florence Garrett Holmes then given released all the defendants. (Ill. Rev. Stat. 1953, ch. 110, sec. 172, subd. (g).) The motion to dismiss and the affidavit in support thereof reveal the facts which follow and which are unchallenged by any counter-affidavit.

After the filing of the divorce case in 1948 the matter was called for trial, a jury was impaneled, and at the

453

conclusion of the first day's proceeding the court called the parties into chambers for a conference. Defendant Florence Garrett Holmes agreed to a property settlement whereby her husband was to pay her $150 for certain clothing, $90 traveling expenses, $250 attorneys' fees, and $150 in thirty days for the return of an engagement ring. The court heard testimony with respect to the grounds for divorce and on June 9, 1948 entered a decree embodying the property settlement and granting the husband a divorce. On June 14, 1948 plaintiff filed a notice of appeal to the Appellate Court from that portion of the decree ordering the money payments. Defendant Florence Garrett Holmes filed a cross-appeal from the divorce decree. On November 18, 1948, while the appeal was pending, the court on petition of Florence Holmes ordered plaintiff to pay his wife $150 in costs and $300 attorneys' fees to enable her to defend against the appeal from the divorce decree. This was done pursuant to the statute which provides that:

"In case of appeal by the husband or wife, *the court in which the decree or order is rendered* may grant and enforce the payment of such money for her or his defense and . . . alimony during the pendency of the appeal. . ." (Divorce Act, Ch. 40, Sec. 16, Ill. Rev. Stat. 1955.)

Plaintiff never complied with this order although during the period of approximately six years in which this case was pending he sought to invalidate that order in five different proceedings and failed. We will here enumerate them.

First, on December 8, 1948 he sought a writ of mandamus from the Appellate Court for the Fourth District to compel the trial court to expunge the order of November 18, 1948 from its records. This writ was denied by the Appellate Court.

Second, following the denial of his petition for a writ of mandamus, plaintiff sought to amend the notice of appeal filed June 14, 1948, before referred to, so as to include an appeal from the order of November 18, 1948. The Appellate Court for the Fourth District dismissed this proceeding May 9, 1949. The court at the same time granted the cross-appeal of Florence Holmes and reversed the decree of divorce. (Holmes v. Holmes, 337 Ill. App. 648.)

Third, on November 21, 1950 a petition seeking to have plaintiff held in contempt for failure to comply with the order of November 18, 1948 came up for hearing on plaintiff's motion to dismiss. Plaintiff resisted on the ground that the appeal divested the court of jurisdiction. The court held against plaintiff, found him guilty of wilful contempt, entered minutes in the docket that plaintiff be assessed a fine of $500 payable in ten days or be committed to jail until the fine was paid, and further ordered that judgment be entered and execution issue for the amount due under the order of November 18, 1948.

Fourth, on November 30, 1950 plaintiff took an appeal from the contempt order to the Appellate Court for the Fourth District which, upon motion, was dismissed.

Fifth, on June 1, 1951 plaintiff sought a rehearing on the contempt petition on which he was fined and ordered imprisoned until he paid the fine. His motion was overruled, a commitment order was entered of record, and plaintiff was ordered committed to jail for a period not to exceed six months, until he purged himself of contempt by paying the amount due under the order of November 18, 1948, and the fine against him, heretofore referred to, was duly assessed.

Notwithstanding all this, plaintiff never complied with the order of November 18, 1948 and apparently the only time he was taken into custody, according to

his complaint, was on December 18, 1952, when he was taken to the office of the Sheriff of Saline County and there held for the space of several hours "during all of which time plaintiff suffered great indignity."

Finally, on January 13, 1954, the divorce case (the original decree having been reversed, as before noted) was again called in the Circuit Court of Saline County. Plaintiff and his attorney were present as well as defendant Florence Garrett Holmes and her attorneys Kammerman and Johnson. Kammerman in his affidavit says in substance that in despair they then agreed to a property settlement whereby plaintiff agreed to pay defendant and defendant agreed to accept $450 payable to her attorney Clarence Kammerman, "$250 cash upon entry of decree, receipt acknowledged, and $200 within 90 days from date. . . ." The court heard the matter without contest, entered a decree of divorce embodying the settlement of property rights, and containing the following:

". . . it is ordered, adjudged and decreed that all orders heretofore entered in the above entitled cause be and the same are hereby . . . declared null and void, and all pending matters, except the complaint, counterclaim and answers thereto be, and the same are hereby abated."

The parties then exchanged mutual releases "of any and all other claims, including alimony and attorneys' fees, that either may have or claim to have against the person or property of the other growing out of the marital relations heretofore existing between the parties, or by contract or otherwise." The amount which plaintiff had agreed to pay for attorneys' fees was duly paid. Then, on December 15, 1954 plaintiff instituted this suit against the defendants, his former wife and her attorneys, for false imprisonment.

Plaintiff appears to base his cause of action on two propositions: (1) that the trial court did not have ju-

456

risdiction to enter the order of November 18, 1948, and (2) that, in any event, the order of January 13, 1954 made the order of November 18, 1948 void ab initio.

■■ The question of whether or not the taking of the appeal from the divorce proceeding deprived the trial court of jurisdiction to enter the order of November 18, 1948 cannot now be raised and plaintiff cannot question the validity of that adjudication. If the question were open for our substantive determination, we would clearly agree with the prior rulings of the Appellate Court for the Fourth District. If plaintiff's contention were true, the statute which provides that the trial court may order payment of funds for the defense of an appeal would be inoperative. Under the statute a party seeking such an allowance is required to go to the court which entered the decree. In Riddlesbarger v. Riddlesbarger, 341 Ill. App. 107, 348 Ill. App. 31 (a rival of the instant case in the intensity of its bitter, protracted and desperate litigation) we held that even after a decree had been fully satisfied a court could entertain a further petition seeking an allowance for expenses and fees incurred in connection with an appeal and that the trial court was not ousted of jurisdiction to entertain such a petition by the fact that the decree originally entered had been fully satisfied.

In Lind v. Spannuth, 8 Ill.App.2d 442, the court discusses the character of jurisdiction reserved in the trial court even after appeal to a reviewing court. In a specially concurring opinion Mr. Justice Feinberg said that the trial court does not lose jurisdiction of the subject matter or of the person and that the appeal only restrains the trial court from entering any order which would change or modify the judgment or decree appealed from or the scope thereof and from entering any order which would have the effect of interfering with the review of the judgment or decree. That principle is applicable here. Far from interfering with a review of the decree, the statute providing for an al-

457

lowance to cover the costs of such an appeal is designed to aid a proper review.

Plaintiff next contends that the order of January 13, 1954, embodying the property settlement which the parties agreed upon, made the order of November 18, 1948 void ab initio. Hence, he says, the proceedings holding him in contempt were likewise void. The order entered January 13, 1954 was not an adjudication of the validity of the order of November 18, 1948 nor of the court's jurisdiction to enter such an order. It followed an agreement between the parties settling their property rights, after which plaintiff proved up the grounds for divorce and the parties exchanged releases. All this is current practice in such cases. The inclusion of the phrase "holding all former orders void" was merely a way of saying that past controversies were ended. That is the only reasonable construction of that order.

If a court has jurisdiction to enter an order, as it did in the instant case, that order must be obeyed even if erroneously entered until it is reversed or set aside in a direct proceeding for that purpose. Cummings-Landau Laundry Machinery Co. v. Koplin, 386 Ill. 368; People v. Lee, 311 Ill. 552; Ash-Madden-Rae Co. v. International Ladies Garment Workers' Union, 290 Ill. 301. The order of November 18, 1948 was a valid order and was such at the time plaintiff was taken into custody for contempt thereof.

Another ground for defendants' motion to dismiss was that the mutual releases between plaintiff and defendant Florence Garrett Holmes, contained in the decree of January 13, 1954 released her from liability for the wrongful conduct alleged in this action, and that the release is binding on plaintiff as to the other defendants. There can be no other conclusion than that plaintiff considered defendants to be joint tort-feasors. The release of one joint tort-feasor is a release of all.

458

Manthei v. Heimerdinger, 332 Ill. App. 335; Bryan v. Creaves, 138 F.2d 377.

For the many reasons herein stated we find that the trial court did not err in denying plaintiff's motion to vacate the order of dismissal.

Order affirmed.

McCORMICK, P. J. and ROBSON, J., concur.