DONALD B. WHITE, Plaintiff-Appellant, *v.* LORA M. WHITE, Defendant-Appellee.

Third District  No. 75-243

Opinion filed September 9, 1976.

759

Leonard Sacks, of Bissonnette, Nutting, Thacker & Sacks, of Kankakee, for appellant.

Michael Berz, of Berz & Yurgine, of Kankakee, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Appellant Donald White appeals from a contempt order, and a jail sentence resulting therefrom, by reason of failure to make certain payments under the terms of a divorce decree. Appellant also appeals a ruling by the trial court, which reduced alimony payments, which appellant contends should be further reduced and that the reduction is insufficient when viewed under the facts and circumstances before the court.

Appellee Lora White had been granted a divorce on her counterclaim. The post-decretal proceeding involved a petition for rule to show cause filed by defendant Lora White, asserting that appellant Donald White failed to make alimony payments in full. Donald White petitioned to modify the divorce decree to reduce the amount of monthly alimony payments provided to be paid in such decree.

The trial court found Donald White in contempt of court for failure to

pay alimony in full and sentenced him to serve six days in the county jail on weekends. The court also determined that the monthly alimony payments were too high and should be reduced from $247 to $185 per month.

The original divorce decree was entered on November 30, 1973. As part of the decree, the parties had entered into a voluntary property settlement which provided that plaintiff was to make certain monthly payments. These payments, by agreement, included $232 monthly on the marital residence where defendant remained and $247 monthly as alimony. Approximately $173 monthly was to be paid for such things as maintenance of the home, insurance premiums and child support. Appellant Donald White was also required to pay room, board and tuition for his college-age son, and to pay, as further alimony, one-third of any commissions which Donald White earned in his employment, up to a maximum payment of $4000 per year.

Appellant Donald White immediately challenged the payment provisions of the divorce decree and asserted that such provisions left him with virtually nothing to live on. The court relieved him of the responsibility of paying for his son's college education and, also, permitted him to claim his minor son as a dependent for income tax purposes.

On August 30, 1974, defendant filed the petition for rule to show cause, alleging that Donald White had not made all his alimony payments since the date of the divorce decree and was $621 in arrears. By the time of the hearing on the petition in January 1975, plaintiff was $1155 in arrears in alimony obligations. All other payments required by the decree had been made.

Donald White filed a petition to modify the divorce decree and argued that he was still financially unable to meet the requirements of the decree and that a reduction in alimony payments should be made. The evidence showed that plaintiff's $1000 monthly salary left him $822 each month after taxes and other deductions. He was required to pay $652 each month to his wife and children under the divorce decree, excluding the cost of the college education, leaving Donald White only $170 each month to live on. It was shown in the record that, although Donald White had apparently expected to make some commissions in his employment, he, in fact, had earned no commissions at all since the divorce decree was entered.

Lora White testified that her income had increased from $80 weekly to $100 weekly between the time of the divorce decree and the time of the hearing. Donald White testified that he had paid just under $400 toward his son's college expenses, after the court had ruled that he was not required to pay such expenses.

On the basis of the evidence referred to, the trial court found Donald

White in contempt of court for failure to keep up the alimony payments, but also that he was entitled to a reduction of approximately 25% in future monthly alimony payments. The court ordered that the payments be reduced to $185 per month.

■■ Under the provisions of the Illinois Divorce Act relating to alimony and maintenance (Ill. Rev. Stat. 1975, ch. 40, par. 19), the trial court has the power to enforce payment orders where a party "willfully refuses" to comply with such orders. It is generally concluded that a party should not be held in contempt for failing to make payments required by a divorce decree unless such failure shows a willful and contumacious refusal. *Wick v. Wick* (1960), 19 Ill. 2d 457, 561, 167 N.E.2d 207; *Murphy v. Murphy* (1st Dist. 1975), 31 Ill. App. 3d 321, 342, 334 N.E.2d 779; *Sullivan v. Sullivan* (1st Dist. 1973), 16 Ill. App. 3d 549, 552, 306 N.E.2d 604; *Lewis v. Lewis* (3d Dist. 1970), 120 Ill. App. 2d 263, 273-74, 256 N.E.2d 660.

We agree with the contention of appellant Donald White that there is no evidence showing a willful and contumacious refusal on his part to pay alimony in accordance with the terms of the divorce decree. Plaintiff did pay roughly 90% of all of his obligations under the decree, in the 13 months between the entry of the decree and the hearing on the various petitions. He paid all obligations except approximately one-third of the alimony that had accrued during that period.

From the evidence it is clear that the trial court also found that plaintiff had agreed to an impractical arrangement in the voluntary property settlement. Appellant simply agreed to pay much more than he could afford each month, on the basis of his usual salary, apparently in contemplation of the possibility that he would be earning substantial commissions, which never materialized. The evidence disclosed, and the court expressly observed, that plaintiff was reasonably frugal in his expenditures and yet still had little income on which to live after paying his obligations under the decree. The court reduced his alimony obligations as we have indicated.

On the basis of the record, therefore, we do not believe a finding that the appellant willfully refused to make payments is justified. The trial court found that appellant's decision to pay $400 toward his son's college education, after that obligation was removed from the provisions of the decree, was an indication of some conscious choice on the part of appellant to spend money on things not required by the decree. The appellant, however, would still have been some $750 in arrears even if he had contributed the $400 toward the alimony obligations instead of to his son's college education.

The failure of appellant to pay even the $750 was clearly not willful or contumacious. The order of the trial court clearly was not supported by

the evidence in the case. For the reasons stated, therefore, the order of the trial court finding appellant Donald White in contempt is reversed. Such reversal does not impair the right of Lora White to recover the amount of arrearages other than by contempt proceedings.

■■ We have also noted, although the issue was not raised on appeal, that no conditions were specified by the trial court whereby defendant could purge himself of contempt. Even without considering such issue it is clear that the order of the trial court finding Donald White in contempt of court for failure to pay alimony in full was improper and should be reversed.

■■ Appellant Donald White also contends that the trial court should have made a greater reduction in alimony payments than it did. While we might have made greater reductions if we sat as trial judges, the modification of alimony payments rests in the sound discretion of the trial court, and will not be reversed on appeal unless we believe that the trial court abused its discretion in the modification made. (*Booth v. Booth* (1st Dist. 1972), 6 Ill. App. 3d 62, 64, 284 N.E.2d 506; *Scalfaro v. Scalfaro* (1st Dist. 1970), 123 Ill. App. 2d 23, 29, 259 N.E.2d 644.) A sufficient basis was shown to justify a reduction in alimony, but we do not believe, on the basis of the record, that we could find that the trial court acted arbitrarily in the amount of such reduction so made.

An additional issue was raised on appeal when Lora White filed a motion in this Court requesting that Donald White be required to pay her attorney's fees which arose from this appeal. The fees originally requested amounted to $1586.06, later reduced to $986.06 when the parties waived oral argument. We granted the motion for allowance of fees, when no objections were filed by appellant Donald White. Appellant has now moved that we reconsider that decision, alleging that he did not file objections because he thought the motion would be considered along with the merits of the appeal.

■■ Upon consideration of plaintiff's motion for reconsideration, we have determined that the proper course is to vacate our order allowing attorney's fees to Lora White and to remand the entire issue of attorney's fees to the trial court. Under the terms of section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16) it is provided "In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper." (*Arndt v. Arndt* (1948), 399 Ill. 490, 496, 78 N.E.2d 272.) Although there has been considerable conflict on the issue in the cases decided in this State, we have concluded that fees may be awarded for expenses of appeal in disposing of matters such as alimony and child support which were not dealt with in the original

divorce decree. (*Woodshank v. Woodshank* (3d Dist. 1973), 13 Ill. App. 3d 692, 693, 300 N.E.2d 494.) We believe that such rule may be properly expanded to permit an award of fees for expenses of appeal for such post-decree matters as change of custody or other modifications of the divorce decree. The appropriate place for such modification is in the trial court which entered the original order appealed from. (*Buehler v. Buehler* (1940), 373 Ill. 626, 628, 27 N.E.2d 466; *Holmes v. Kammerman* (1st Dist. 1956), 10 Ill. App. 2d 450, 457, 135 N.E.2d 162.) A trial court may enter an order relating to such appeal costs after the appeal has been completed (*Riddlesbarger v. Riddlesbarger* (1952), 348 Ill. App. 31, 107 N.E.2d 770), if the trial court concludes that such order is equitable under all circumstances.

■■ For the reasons stated, therefore, we direct that the matter of attorney's fees for the expenses of appeal should be determined in the trial court following a hearing thereon. This cause is remanded to the trial court for that purpose.

For reasons otherwise stated in this opinion, the order of the trial court holding Donald White in contempt for failure to pay alimony is reversed and the order of the trial court reducing the amount of the monthly alimony payments is affirmed.

Reversed in part and affirmed in part.

STENGEL and BARRY, JJ., concur.