JACQUELINE A. DUNN, Plaintiff-Appellee, v. MELVIN E. DUNN, Defendant-Appellant.

First District (2nd Division)   No. 77-1964

Opinion filed May 1, 1979.

Stuart H. Wolf, of Buffalo Grove, for appellant.

Gary Laff, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

On March 22, 1977, pursuant to a petition filed by plaintiff, the trial court modified a divorce decree entered on August 16, 1972, by ordering an increase of $25 per month in alimony to plaintiff. On April 15, 1977, defendant filed a notice of appeal from the March 22, 1977, order. Subsequently, on August 9, 1977, the court entered an order modifying the order of March 22, 1977. Defendant appeals from both the March 22 and August 9, 1977, orders.[1]

The issues for consideration on review are: (1) whether the trial court's grant of an increase in alimony was against the manifest weight of the evidence; and (2) whether the trial court had authority to modify its March 22, 1977, order after a notice of appeal from such order had been filed.

We reverse.

On August 16, 1972, a judgment of divorce was entered terminating the marriage of plaintiff Jacqueline A. Dunn and defendant Melvin E. Dunn. Each party was awarded custody of one of the parties' two minor children. The decree provided that defendant pay $300 per month as combined alimony and child support.

The decree of divorce was modified by agreement of both parties on November 26, 1975, whereby defendant assumed custody of both minor children and agreed to pay plaintiff alimony of $400 per month for 12 months and $300 per month thereafter.

---

[1] On August 9, 1977, defendant filed an amended notice of appeal to include both orders.

On December 27, 1976, plaintiff filed a petition for an increase in alimony, alleging that a material change in circumstances of the parties had occurred. Plaintiff contended that her income had decreased substantially due to the expiration of her social security disability payments, and that defendant's income had increased substantially.

At a hearing held on March 15, 1977, the court found that the cost of living provided no basis for modification. The court also stated:

> "Neither does the ground regarding the income of Respondent indicate a basis for modification or material change, a showing that he might have had a greater ability to pay a greater sum.
>
> &ast; &ast; &ast;
>
> The only material change that the court could take into consideration at this time would be the termination of the social security payments."

The court noted that plaintiff's income from employment had increased $150 per month since the November 1975 order. The court then stated:

> "According to the court's rule that there is no material change in circumstances, that the ability to pay of the Respondent has remained unchanged, and that the demands, even viewing the expenses of both, increased according to both parties. Considering the fact that social security has diminished, the Court will modify it to a limited expense of twenty-five dollars per month."

In its order of March 22, 1977, the court found "that plaintiff [had] failed to show a material change in circumstances since the entry of the order" of November 26, 1975, but ordered defendant to pay $325 per month as alimony. On April 15, 1977, defendant filed a notice of appeal from the March 22 order.

On August 9, 1977, while the appeal of the March 22, 1977, order was still pending, the court changed the March 22 order by specifically adding the following: (1) "that the only material change it could consider would be the termination of plaintiff's social security benefits," and (2) that there was no substantial change in defendant's income since the November 26, 1975, order. Defendant appeals from the orders of March 22, 1977, and August 9, 1977.

Defendant contends that the trial court's order increasing the alimony payments to plaintiff was against the manifest weight of the evidence because plaintiff failed to prove a material change in the circumstances of the parties. Defendant further contends that the court erred in increasing the alimony payments because plaintiff failed to prove that defendant had an increased ability to pay.

The modification of alimony provisions in a divorce decree rests in the sound discretion of the trial court, and unless the record indicates an abuse of such discretion, a reviewing court will not reverse. (*Baker v.*

*Baker* (1st Dist. 1977), 53 Ill. App. 3d 186, 368 N.E.2d 379.) But to justify modification of a divorce decree there must be a material and substantial change in the circumstances of the parties. *Lane v. Lane* (1st Dist. 1975), 35 Ill. App. 3d 276, 279, 340 N.E.2d 705, *cert. denied* (1976), 429 U.S. 886, 50 L. Ed. 2d 167, 97 S. Ct. 238.

In the case at bar, even though plaintiff's income from employment had increased, the court expressed concern that plaintiff's social security benefits had been terminated. However, the court was unclear as to whether such termination was a "material" change, stating as follows:

> "There's Social Security, and she's still some money short. I can see there's been change. We are in a gray area of material change ❊ ❊ ❊ ."

■■ Although the report of proceedings does not indicate expressly whether the court found a material change in circumstances, the court's order of March 22, 1977, clearly states that "plaintiff has failed to show a material change in circumstances since entry of the order entered on or about November 26, 1975." The court's modification of the decree therefore was error since there was no finding of a material change in the circumstances of the parties.

■■ Assuming arguendo that the court found a material change in plaintiff's circumstances only, a modification of the decree still could not stand since a careful examination of the record reveals no evidence that defendant was able to pay additional alimony.

To warrant an increase in child support or alimony, the law requires evidence of an increase in the needs of the children and the custodial parent plus a showing of the other parent's ability to pay. *Sullivan v. Sullivan* (3d Dist. 1978), 57 Ill. App. 3d 958, 373 N.E.2d 829.

In *Nordstrom v. Nordstrom* (1st Dist. 1976), 36 Ill. App. 3d 181, 184, 343 N.E.2d 640, the trial court denied plaintiff's petition for an increase in child support. The appellate court affirmed, finding that although there was evidence of an increase in the needs of the children, plaintiff had failed to show that defendant had the ability to pay. See also *Robin v. Robin* (1st Dist. 1977), 45 Ill. App. 3d 365, 359 N.E.2d 809.

Similar facts were present in *Gauger v. Gauger* (1st Dist. 1979), 70 Ill. App. 3d 378, 388 N.E.2d 123, where the court found respondent had failed to show an increase in the needs of the children. The court also found there was an insufficient showing of defendant's ability to pay an increased amount, concluding that respondent failed to meet her burden of proving a material change in the circumstances of the parties.

While the above cases involved modifications of child support payments, we believe the holdings apply also to modification of alimony payments. Section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) permits a court to modify alimony or child support payments as shall

appear reasonable and proper. The Act has been construed to allow modification only upon a showing of substantial change in the circumstances of the parties. These well established rules are applicable to modification of both alimony and child support awards. (*Baker v. Baker*, at 190, citing *Addington v. Addington* (1st Dist. 1977), 48 Ill. App. 3d 859, 363 N.E.2d 151.) Thus it was error for the court to increase alimony payments without a showing of defendant's ability to pay the additional sum.

Defendant further contends that the filing of a notice of appeal on April 15, 1977, divested the court of jurisdiction to modify the March 22, 1977, order. The amended order of August 9, 1977, directly modified the court's order of March 22, 1977, which found no material change in the circumstances of the parties. The August 9 order added the following language:

> "The court having further found that the only material change it could consider would be the termination of plaintiff's Social Security payments of $207 per month."

Once an appeal has been duly filed in the appellate court by filing notice of appeal (Ill. Rev. Stat. 1975, ch. 110A, par. 301), the trial court is restrained from entering any order which would change or modify the judgment or its scope, and from entering any order which would have the effect of interfering with the review of the judgment. *Shapiro v. Shapiro* (1st Dist. 1969), 113 Ill. App. 2d 374, 252 N.E.2d 93, citing *Holmes v. Kammerman* (1st Dist. 1956), 10 Ill. App. 2d 450, 135 N.E.2d 162.

■■ In amending its prior order, the trial court in the case at bar apparently sought to bolster its decision to increase alimony by stating that there had been in fact a change of circumstances. Such action would interfere with our review of the manifest weight question presented by the court's initial order of March 22, 1977.

For the foregoing reasons we reverse the trial court's order modifying the divorce decree.

Reversed.

DOWNING and HARTMAN, JJ., concur.