*In re* ESTATES OF ALBERIC BERNARD AZEVEDO *et al.*, Minors.—*In re* MARRIAGE OF MARIE LOUISE AZEVEDO, Petitioner-Appellee, and AL-LAN BOSCO AZEVEDO, Respondent-Appellant.

Fifth District   No. 82—266

Opinion filed May 23, 1983.

Mark A. Hamrock, of Murphysboro, for appellant.

William G. Schwartz, of Hunter and Schwartz, of Carbondale, for appellee.

JUSTICE JONES delivered the opinion of the court:

This appeal is taken from an order directing the respondent, Allan Azevedo, to pay a portion of the attorney fees incurred in the representation of his minor child in a guardianship proceeding. The respondent initiated the proceeding in question to gain custody of his children following the death of his former wife, who had been granted custody of the children upon the dissolution of their marriage. The trial court, taking judicial notice of the dissolution proceeding in the same court, consolidated it with the instant guardianship proceeding for purposes of hearing and, at the conclusion of the matter, assessed attorney fees against the respondent for the minor's court-appointed attorney pursuant to section 506 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 506). On appeal from this order, the respondent contends that the court erred in awarding fees under this provision rather than under the Probate Act of 1975, whereby the attorney fees would have been taxed as part of the probate proceeding and paid out of the minor's estate. (See Ill. Rev. Stat. 1981, ch. 110½, par. 27—4.) We find, upon consideration of the applicable provisions, that the court acted properly in assessing the instant fees, and we accordingly affirm the order of the trial court.

Respondent and his wife, Marie Azevedo, were granted a dissolution of marriage on May 8, 1980, in the circuit court of Jackson County. Marie Azevedo received permanent custody of the four minor children of the marriage, and this custody arrangement continued until her death on April 1, 1981.

On April 30, 1981, respondent filed a petition in the Jackson County circuit court for guardianship of the estate and person of the four children, including Alberic Azevedo, who was 13 years of age at the time. On May 8, 1981, Gladys D'Souza, a sister of Marie Azevedo, filed a petition to intervene in that proceeding in which she alleged that Alberic Azevedo had been residing with her since his mother's death and that he did not wish to reside with his father or have his father appointed as his guardian. By her petition Gladys D'Souza

sought to be appointed guardian of the estate and person of Alberic Azevedo.

On May 26, 1981, the trial court entered an order in which it took judicial notice of the previous dissolution proceeding of Allan and Marie Azevedo and consolidated it with the guardianship proceeding before it for purposes of hearing. The court noted as the basis of its decision "the many conflicts and the contested nature of [the] divorce proceeding including the alleged problem between Alberic B. Azevedo and Allan Azevedo." The court felt that since the respondent's petition for guardianship of the person of Alberic Azevedo involved many of the same issues as the custody determination in the dissolution action, these issues should be heard together. Pursuant to the court's order, all subsequent hearings in the matter were called and heard under both case titles.

The court determined that the minor Alberic Azevedo was in need of legal representation in the proceeding and appointed attorney William Schwartz to represent him both as attorney in the dissolution case and as guardian *ad litem* in the guardianship proceeding. Mr. Schwartz represented Alberic Azevedo in numerous court appearances and in contacts with relatives and with the Catholic Social Services director who was subsequently appointed guardian for Alberic Azevedo.

After hearing evidence regarding the services and expenditures made on behalf of Alberic Azevedo, the court awarded Mr. Schwartz reasonable attorney fees and expenses in the amount of $2,586.35. The court then reviewed the assets of the estate of Alberic Azevedo, the assets of the estate of Marie Azevedo and the financial resources of respondent Allan Azevedo and ordered that Mr. Schwartz' attorney fees be prorated between his duties as guardian *ad litem* under the Probate Act of 1975 and as attorney under the Illinois Marriage and Dissolution of Marriage Act. Accordingly, the court ordered the estate of Alberic Azevedo to pay partial attorney fees and expenses of $500 and ordered the respondent to pay the balance of the fees in the amount of $2,086.35.

■■ On appeal from this order, the respondent contends that the trial court erred in assessing attorney fees against him pursuant to section 506 of the Illinois Marriage and Dissolution of Marriage Act, where his petition for guardianship of his minor son was filed solely under the provisions of the Probate Act of 1975 (see Ill. Rev. Stat. 1981, ch. 110½, par. 11—1 *et seq.*). The respondent maintains that while the appointment and payment of an attorney under section 506 would be proper in a change-of-custody proceeding under the Illinois

Marriage and Dissolution of Marriage Act (see Ill. Rev. Stat. 1981, ch. 40, par. 610), this provision was inapplicable to the instant proceeding under the Probate Act of 1975. Rather, the respondent contends, the entire amount of the fee award in the instant guardianship proceeding should have been taxed against the minor's estate pursuant to section 27—4 of the Probate Act of 1975.

Section 506 of the Illinois Marriage and Dissolution of Marriage Act provides:

> "Representation of Child. The court may appoint an attorney to represent the interests of a minor or dependent child with respect to his support, custody and visitation. The court may also appoint such attorney to serve as the child's guardian-ad-litem. The court shall enter an order for costs, fees and disbursements in favor of the child's attorney and guardian-ad-litem, as the case may be. The order shall be made *against either or both parents*, or against the child's separate estate." (Emphasis added.)

Under the comparable provisions of the Probate Act of 1975, a guardian *ad litem* may be appointed to represent a minor "[i]n any proceeding for the appointment of a guardian." (Ill. Rev. Stat. 1981, ch. 110½, par. 11—10.1.) Payment, however, is made pursuant to section 27—4, which provides:

> "A guardian ad litem or special administrator is entitled to such reasonable compensation *** to be taxed as costs in the proceedings and *paid in due course of administration*." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 110½, par. 27—4.

While the respondent argues on appeal that the proceeding in question was solely a probate matter to be governed by the provisions of the Probate Act of 1975, the proceeding was essentially a means of resolving a child custody dispute and, as such, came within the scope of the court's traditional equitable jurisdiction over such matters. (See *Cowles v. Cowles* (1846), 8 Ill. (3 Gilm.) 435; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806.) Moreover, as the court of decision in the prior dissolution action, the instant court had the continuing power and obligation to oversee the welfare and best interests of the minor children of that marriage. (*In re Custody of Sexton* (1981), 84 Ill. 2d 312, 418 N.E.2d 729.) Thus, the respondent's petition for guardianship, while filed pursuant to the provisions of the Probate Act of 1975, necessarily brought before the court the proceedings already had in the dissolution case touching upon the custody of the minor, and it was not improper for the court to have consolidated the cases for any disposition entailed by the respondent's peti-

tion. The court's award of attorney fees under the Illinois Marriage and Dissolution of Marriage Act was a consequence of that consolidation and can therefore be justified as part of the proceedings under that Act.

■ As the respondent acknowledges in his brief, he could have sought custody of his minor children in the instant case by filing a petition under section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 610) rather than under the guardianship provisions of the Probate Act of 1975. Section 610 provides for the modification of a child custody judgment upon a proper showing, and it goes without saying that the death of the custodial parent in this case constituted a change requiring a modification of the custody decree. (See *Sholty v. Sholty* (1966), 67 Ill. App. 2d 60, 214 N.E.2d 15.) The fact that the respondent elected to proceed under the Probate Act of 1975, however, was not determinative of the court's power and did not serve to divest the court of its jurisdiction or its obligation toward the minor that arose in the dissolution proceeding. The instant court was not bound by the form of the proceeding initiated by the respondent, and it properly looked to the substance of the action before it in making its determination. *Cf. Parker v. Parker* (1948), 335 Ill. App. 293, 81 N.E.2d 745 (court must consider substance of action for child support irrespective of pleading formalities); see also *Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386.

■ While the court's award of attorney fees in the instant case could be justified as an incident of its inherent power in child-custody matters (see *Zalduendo v. Zalduendo* (trial court could award attorney fees under same plenary equitable powers authorizing it to make such orders as are necessary for the support of the child)), we believe the instant fee award was also warranted under the express terms of section 506. That section provides for the appointment and payment of an attorney to represent the interests of a minor child "with respect to his support, custody and visitation." This language does not limit the application of section 506 to post-decree custody proceedings under section 610 of the Illinois Marriage and Dissolution of Marriage Act but, rather, includes child-custody proceedings initiated under other statutes that come within the scope of the court's jurisdiction under section 601 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 601).

Section 601(b)(1)(ii) specifically provides that "[a] child custody proceeding is commenced in the court (1) by a parent, by filing a petition *** (ii) for custody of the child ***." (Ill. Rev. Stat. 1981, ch. 40,

par. 601(b)(1)(ii).) The authors of the Historical and Practice Notes accompanying this section point out that a child custody proceeding can be initiated, independent of any action for dissolution, under the Probate Act of 1975, as well as under the *Habeas Corpus* Act (Ill. Rev. Stat. 1981, ch. 110, par. 10—101 *et seq.*) and the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 701—1 *et seq.*). (Ill. Ann. Stat., ch. 40, par. 601, Historical and Practice Notes, at 7, 8 (Smith-Hurd 1980).) Thus, even if the instant guardianship proceeding is characterized as a new action under the Probate Act of 1975 rather than as a continuation of the prior dissolution proceeding, the respondent can be said to have invoked the provisions of the Illinois Marriage and Dissolution of Marriage Act by his petition for guardianship, and the court properly awarded attorney fees against the respondent under section 506 of that Act.

▆ In a motion taken with the case, the minor, Alberic Azevedo, has petitioned this court to order the respondent to pay the attorney fees and costs of this appeal. This motion is made pursuant to section 508(a)(3) of the Illinois Marriage and Dissolution of Marriage Act, which provides in pertinent part:

"(a) The court *** may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse [in connection with] ***:

(3) [t]he defense *** of an appeal of any order or judgment under this Act ***." Ill. Rev. Stat. 1981, ch. 40, par. 508(a)(3).

This section, by its terms, is inapplicable to the instant case, as it pertains to the trial court's discretionary authority to award attorney fees in a proceeding between two spouses. Moreover, this court has no authority in any event to fix the amount of an award of fees for an attorney's services on appeal. (*Buehler v. Buehler* (1940), 373 Ill. 626, 27 N.E.2d 466.) We believe, however, that the trial court could award fees for the defense of this appeal either under the language of section 506, authorizing payment of an attorney for representation of a minor, or pursuant to its inherent power to make orders that are necessary for the benefit of the child. (See *Zalduendo v. Zalduendo* (award of fees under court's equity power should include fees for defense of an appeal involving rights of the child).) Thus, while we deny the minor's motion here for attorney fees on appeal, it would be appropriate for him to apply to the trial court for an award of these fees on either basis. Cf. *Sidwell v. Sidwell* (1981), 102 Ill. App. 3d 56, 429 N.E.2d 539 (appropriate procedure to recover attorney fees on appeal is to make application in trial court); see also *White v. White* (1976),

41 Ill. App. 3d 758, 354 N.E.2d 486.

For the reasons expressed in this opinion, we hereby affirm the judgment of the circuit court of Jackson County.

Affirmed.

HARRISON, P.J., and KARNS, J., concur.