THE CITY OF CHICAGO, Plaintiff-Appellant, v. RAYMOND HEINRICH, Defendant-Appellee.

First District (3rd Division)   No. 1—87—2541

Opinion filed August 23, 1989.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Nina Puglia, Assistant Corporation Counsel, of counsel), for appellant.

No brief filed for appellee.

JUSTICE WHITE delivered the opinion of the court:
Plaintiff, the City of Chicago, appeals from an order of the circuit

court which modified, *sua sponte*, a judgment entered against defendant, Raymond Heinrich, more than 30 days earlier despite plaintiff's objections. Plaintiff questions whether the trial court lacked authority to modify the judgment.

Defendant, as appellee, has not filed a brief but we shall consider the merits of plaintiff's claim. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

FACTS

On August 13, 1985, plaintiff filed a complaint in the circuit court of Cook County against defendant alleging that two rental properties owned by defendant violated numerous Chicago ordinances. Plaintiff sought to recover $4,400 in fines, interest and court costs.

On October 8, 1985, a default judgment was entered against defendant in the amount of $3,647.50. The matter was continued until January 23, 1986, at which time the court imposed a lien on defendant's properties in the amount of $3,600 plus court costs of $47.50 in accordance with the default judgment. Additionally, defendant made an oral motion to vacate the default judgment. On May 8, 1986, the court denied defendant's motion to vacate the default judgment. On July 31, 1986, the court denied defendant's second motion to vacate the default judgment and reinstated the judgment lien subject to defendant's satisfaction of the judgment.

On July 7, 1987, during a citation proceeding, the court, *sua sponte*, modified the original judgment to $1,800. Plaintiff objected on the basis that the court lacked jurisdiction to modify its original judgment. On July 16, 1987, plaintiff filed a motion to reconsider the court's July 7, 1987, modification order, and on July 21, 1987, plaintiff's motion was denied. On July 20, 1987, defendant paid $1,800 to satisfy the modified order and the case was dismissed.

DISCUSSION

On appeal, plaintiff argues that the circuit court lacked jurisdiction to modify, *sua sponte*, a default judgment despite plaintiff's objection, during a citation proceeding held more than 30 days after the default judgment was entered. We agree.

■■ ■ Section 2—1203 of the Code of Civil Procedure requires that post-judgment motions be made within 30 days after the entry of the judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203.) After entry of the judgment, but before 30 days expire, the circuit court retains jurisdiction to modify or vacate the judgment on the motion of a party or *sua sponte*. (*Darling v. Reinert* (1971), 132 Ill. App. 2d 192, 268

N.E.2d 890.) After the 30-day period expires without either party filing a post-trial motion, a party seeking relief from a judgment must petition the court in accordance with the procedure set out in section 2—1401. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) The petition for relief must be written. (*Halter v. Schoreck* (1966), 69 Ill. App. 2d 104, 216 N.E.2d 278.) The petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.

■■ The record is void of any indication that there were any post-judgment motions made within 30 days after entry of the default judgment. The court's motion to modify the original judgment came 22 months after the judgment was entered. There is no indication that a section 2—1401 petition was filed by the defendant. Nor is there an indication that defendant acted affirmatively during the July 7, 1987, citation proceeding to show the specific factual allegations required to support a section 2—1401 petition.

We note that the revestment doctrine does not apply to the facts of this case. It is our determination that the circuit court erred by modifying, *sua sponte*, over plaintiff's objection, a judgment which was entered nearly 22 months earlier.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded with directions to reinstate the original judgment.

Judgment reversed; cause remanded.

FREEMAN, P.J., and RIZZI, J., concur.