*In re* CUSTODY OF ADAM LANDAU (Steven J. Landau, Petitioner-Appellant, v. Carol Landau, Respondent-Appellee).

First District (5th Division)   Nos. 1—89—1366, 1—89—3342,
1—90—1093 cons.

Opinion filed August 7, 1992.—Rehearing denied September 17, 1992.

Steven J. Landau, of Vernon Hills, appellant *pro se*.

Marco A. Raimondi, of Komie & Associates, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Steven J. Landau petitioned the court to modify the custody arrangement granting sole custody of his son, Adam, to his former wife, Carol Landau. Steven appeals from orders requiring him to pay fees to a court-appointed attorney, who represented his son in the custody proceedings, and to a court-appointed psychiatrist and a social worker, who evaluated the family and reported their findings and recommendations to the trial judge. Steven also appeals from an order denying him leave to file a motion for sanctions. We consider: (1) whether the incomplete record on appeal supports Steven's argument that the trial judge abused her discretion when she awarded fees to the court-appointed attorney, psychiatrist, and social worker; (2) whether Steven's petition for a rule to show cause against the court-appointed attorney was properly dismissed for failure to state a cause of action; and (3) whether the trial judge had jurisdiction to consider Steven's oral motion for sanctions one year after final judgment was entered. For the following reasons, we affirm in part and dismiss in part for lack of jurisdiction.

In 1983, when their marriage was dissolved, Carol and Steven were each granted joint custody of Adam, who was nine months

old. Joint custody failed because Carol and Steven were unable to cooperate and communicate with each other, and in January of 1985, they agreed that Carol would have sole custody of Adam.

Steven became dissatisfied with that arrangement, and in January of 1986, he petitioned the court for sole custody of Adam. In his third-amended petition for custody, Steven alleged that Adam had epilepsy, an attention span disorder, a vision disorder, and delayed development and that Carol did not provide Adam with proper therapy. Steven also alleged that Carol did not keep him informed of Adam's health and progress.

On September 9, 1986, the trial judge appointed Stephen M. Komie, an attorney, to represent Adam during the custody proceedings. During discovery, 42 hours of depositions were taken but only one of those depositions is in the record on appeal.

On September 22, 1986, the trial judge appointed Dr. Anne M. Seiden to conduct psychiatric evaluations and authorized her to choose persons to conduct any tests that she deemed appropriate. Seiden conducted psychiatric evaluations of Steven, Carol, and Adam. To prepare her report, Seiden relied on neurological and psychological reports of the parties from other professionals involved in the case. One of the reports Seiden relied on was prepared by Susan Eggebrecht, a social worker. Based on Seiden's investigation, she recommended that Carol retain sole custody of Adam. Seiden's report, as well as the other experts' reports that Seiden relied on, are not in the record on appeal.

A trial was held on Steven's petition to modify custody; however, most of the transcripts of the trial proceedings, which consisted of 118 hours during a five-month period, are not included in the record on appeal. Steven attempted to prove the allegations of his petition for custody with the testimony of an optometrist, Dr. James Blumenthal. Blumenthal's testimony is not in the record. Apparently, Blumenthal testified that he did not diagnose Adam with a vision disorder and that Adam did not need vision therapy, contrary to Steven's allegations in the petition. Subsequently, at Steven's request, Blumenthal sent a letter to Komie and the other attorneys involved in the case stating that after testifying, he found a letter he previously sent to Steven which recommended that Adam would benefit from vision therapy and certain exercises which could be done at home. Blumenthal explained that he did not remember the recommendations he made in the letter when he testified. Neither Komie, Steven, nor the other attorneys involved in the case presented Blumenthal's letter to the trial judge.

Carol moved for a directed finding. The trial transcript of that proceeding is the only transcript of the trial included in the record on appeal. The attorneys for Carol and Steven argued the motion and Komie made a few comments to the trial judge. He asked the judge to consider whether Steven presented testimony that proved the allegations of his petition and directed the judge's attention to Blumenthal's testimony that he did not recommend visual therapy or exercises for Adam. Steven did not object to Komie's argument. The trial judge found that Steven failed to present sufficient evidence of changed circumstances which would have warranted modifying the custody agreement. Carol was granted a directed verdict.

In a hearing on Dr. Seiden's fee, she testified that she billed at $120 per hour. She interviewed Carol, Adam, and Carol's parents in their home and interviewed Steven, his wife Lillian, and Adam in their home. She also had conferences with the other experts involved in the evaluation and reviewed transcripts and other documents to prepare her report. She admitted that she recommended to the trial judge that Steven not be allowed to represent himself in the custody proceedings believing it was detrimental to Adam's best interest. She also recommended that Carol retain custody of Adam.

In a hearing on Eggebrecht's fee, she testified that she billed for interviewing, preparing for court testimony, appearing in court, and travel time. Her rates were $60 for 50 minutes for evaluation time and $72 per hour for in-court time. Eggebrecht interviewed both parents and grandparents with Adam. The interviews involved descriptions of the problem and its history and assessments of the parents, Adam, the grandparents, and the home environment. Eggebrecht also visited Adam's schools and talked with the teachers and staff members and examined the facilities. She believed it would be more effective to visit the schools than to merely telephone the teachers. Adam was not present in the schools at the time; it was Eggebrecht's primary purpose to obtain progress reports on Adam's adjustment and behavior rather than to observe Adam. Although she initially estimated that her bill would be $2,500 to $3,000, the evaluation required more time than she expected.

On January 17, 1989, the trial judge found that both Dr. Seiden's and Eggebrecht's fees were reasonable and awarded Seiden $7,788.49 and Eggebrecht $4,136. Carol and Steven were each ordered to pay half of the fees. After crediting for payments made, judgment was entered against Steven for $3,144.25 for Seiden's fee and for $1,768 for Eggebrecht's fee.

Komie filed fee petitions that showed he worked 129.3 hours out of court and 145.5 hours in court on the case. The parties stipulated that Komie's fee for out-of-court work was $125 per hour and his fee for in-court work was $175 per hour. Komie requested $43,075. In the hearing on the petitions, the transcript of which is included in the record on appeal, Komie testified that to represent Adam in the custody proceedings, he had to become familiar with the nature and extent of Adam's emotional, physical, and medical problems, the voluminous records in the case, and the various doctors' diagnoses and opinions concerning appropriate treatment. He was required to attend numerous court hearings and the trial. He admitted that he did not meet Adam and that he did not contact Adam's treating doctors, the teachers at Adam's schools, or the day care workers at his day care centers. He also did not visit Adam's schools or observe Adam at home. Seiden advised Komie that Adam should have minimal participation in the proceedings. Komie explained that he was not an expert in the medical field and that the court-appointed experts reported to him so he could properly represent Adam's interests. Komie relied on the experts' reports. He admitted that he did not bring Blumenthal's letter to the attention of the trial judge.

In ruling on Komie's fee petitions, the trial judge disallowed approximately $2,000 of time billed. Also, although the parties stipulated to Komie's hourly rates, the judge reduced the rates by 10%. She found a reasonable fee for his work was $36,944, and that Carol and Steven were each responsible for half of the fee. After crediting for payments made, judgment for $15,709.91 was entered against Steven on April 18, 1989. Because Komie was concerned that Steven would file for bankruptcy to avoid paying his fee, Komie requested and the judge ordered that the fee was child support.

Steven filed a petition for a rule to show cause alleging that Komie should be held in contempt because he did not bring Blumenthal's letter to the trial judge's attention. The judge denied the petition because it did not state a cause of action for criminal contempt.

Steven appealed from the orders granting fees to Dr. Seiden, Eggebrecht, and Komie.

On March 14, 1990, when Komie moved the trial judge for fees defending the appeal, Steven asked for leave to file a motion for sanctions under Supreme Court Rule 137 (134 Ill. 2d R. 137). The judge denied Steven's request for lack of jurisdiction. Steven also appealed from that order.

OPINION

Steven first argues that the trial judge abused her discretion when she awarded Komie attorney fees.

■■ The trial judge may appoint an attorney to represent a minor child in custody proceedings and enter an order for costs, fees, and disbursements against either or both parents. (Ill. Rev. Stat. 1989, ch. 40, par. 506.) The attorney should be fairly compensated for services which were reasonable and necessary. *In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108, 421 N.E.2d 1308.

■ An award of attorney fees in a custody proceeding will not be reversed on appeal unless it was an abuse of discretion. (*Brophy*, 96 Ill. App. 3d 1108, 421 N.E.2d 1308.) When the record on appeal does not include the depositions taken in the case and the transcripts of the child custody hearings, the reviewing court is unable to review the appointed attorney's performance (*Brophy*, 96 Ill. App. 3d 1108, 421 N.E.2d 1308) and will presume that the evidence supported the judge's decision (*In re Marriage of Grauer* (1987), 153 Ill. App. 3d 125, 505 N.E.2d 1131).

■■ In this case, Steven's argument against Komie's fee is based on criticisms of his performance focusing on Komie's failure to present Blumenthal's letter to the trial judge before she ruled on Steven's petition for custody. As noted previously, most of the transcripts from the trial are excluded from the record on appeal. At oral argument, this court expressed concern that the record was incomplete. Steven explained that he did not include the entire proceedings due to the expense involved and that he would accept the consequences. He asserts, however, that the record on appeal is sufficient because it contains the transcript of the hearing where the trial judge heard evidence on Komie's fee petition. In that hearing, Komie testified that he worked approximately 275 hours on the case which included acquainting himself with Adam's problems, the voluminous records, and the doctors' opinions. In addition, he attended numerous court hearings, depositions, and the trial. Although Komie did not investigate Adam's medical and emotional problems or his schools, he explained that he relied on the experts who reported to him. Komie admitted that he did not present Blumenthal's letter to the trial judge; however, Steven has not presented authority to find that the award should be reversed on that basis. The transcript of the fee petition hearing does not support Steven's argument that Komie's fee award was an abuse of discretion. Because Steven is challenging Komie's performance at trial

and the trial transcripts are not included in the record on appeal, this court cannot review the propriety of Komie's actions. The trial judge considered the evidence and awarded Komie fees that she found were reasonable and necessary. It must be presumed that the omitted transcripts support the award of attorney fees in Komie's favor.

■ Steven also challenges the award of fees to Dr. Seiden and Eggebrecht arguing that they were incompetent. The record is insufficient to find that the awards were an abuse of discretion. Neither their reports nor their trial testimony is included in the record; the record only includes the hearings on their petition for fees. In those hearings, Seiden, a psychiatrist, explained that she interviewed Carol and Steven with Adam in their respective homes. She was also required to confer with the other experts involved in the case and review documents and transcripts to prepare her report. Eggebrecht, a social worker, stated that she also interviewed Carol and Steven with Adam in their homes. She also visited Adam's schools and interviewed the teachers and staff members. The trial judge found that their fees were reasonable and necessary. Again, it must be presumed that the excluded portions of the record supported the trial judge's decision to award fees.

■ Next, Steven argues that his petition for a rule to show cause should not have been dismissed because it adequately alleged that Komie should have been held in contempt for failing to inform the trial judge of Blumenthal's letter. Steven relies on *Semmens v. Semmens* (1979), 77 Ill. App. 3d 936, 396 N.E.2d 1282, which stated that an attorney owes a duty to the court to be honest and forthright in all dealings with the court. Steven's argument is without merit. Blumenthal was Steven's witness and Steven had the burden to prove the allegations of his petition. Steven was aware of, and in fact requested, Blumenthal to write the letter to Komie and the other attorneys. Steven, however, failed to bring the letter to the attention of the trial judge. He asserts that Komie promised to recall Blumenthal but he cites no authority to support his position that Komie was in contempt of court for failing to present the letter.

■ Lastly, Steven argues that the trial judge erred in denying his request for leave to file a motion for sanctions under Rule 137. A motion for sanctions must be filed while the trial court has jurisdiction, which extends 30 days after judgment or within such time that a post-trial motion is pending. (*Gaynor v. Walsh* (1991), 219 Ill. App. 3d 996, 579 N.E.2d 1223; see *Marsh v. Evangelical Covenant*

*Church* (1990), 138 Ill. 2d 458, 563 N.E.2d 459.) In this case, Steven requested leave to file the motion more than 30 days after final judgment was entered and there was no post-trial motion pending at that time. The trial court properly ruled that it did not have jurisdiction and, as a result, Steven's appeal from that order must be dismissed.

Komie requests this court to assess his costs for defending the appeal against Steven. A motion for such costs under section 506 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 506) should be made in the trial court. (*In re Estates of Azevedo* (1983), 115 Ill. App. 3d 260, 450 N.E.2d 423.) For that reason, Komie's request is denied.

Nos. 1—89—1366 and 1—89—3342, affirmed.
No. 1—90—1093, dismissed for lack of jurisdiction.

McNULTY, P.J., and MURRAY, J., concur.