52 P.3d 298

**Virgilio N. CASUGA, Plaintiff–Appellant,**

v.

**Editha C. BLANCO, Defendant–Appellee.**

**No. 23751.**

Intermediate Court of Appeals of Hawai'i.

July 15, 2002.

—————

Eduardo O. Zabanal, Honolulu, on the brief, for plaintiff-appellant.

WATANABE, Acting C.J., LIM, and FOLEY, JJ.

Opinion of the Court by WATANABE, J.

In this appeal, the attorney for Plaintiff–Appellant Virgilio N. Casuga (Casuga) [1] (Casuga's attorney) contends that the Circuit Court of the First Circuit (the circuit court) "erred and grossly abused" its discretion when it imposed a $250.00 sanction against

---

**1.** The attorney representing Plaintiff–Appellant Virgilio N. Casuga (Casuga) throughout the pro-

ceedings below was Eduardo O. Zabanal, referred to in this opinion as "Casuga's attorney[.]"

him for failing to comply with a May 31, 2000 order that directed him to "SUBMIT JUDGMENT AS [A] SEPARATE DOCUMENT AS REQUIRED BY HAWAII [HAWAI'I] LAW WITHIN 10 DAYS" (the amended sanctions order).

Inasmuch as the record on appeal reveals that: (1) a separate, final, and appealable Default Judgment by Clerk had already been entered in this case on February 13, 1998; (2) no post-default judgment motion was ever filed; and (3) no appeal from the default judgment was filed within the allowable thirty-day period after the entry of the default judgment, we conclude that the circuit court lacked jurisdiction to enter the amended sanctions order. Therefore, the amended sanctions order was void.

Accordingly, we hereby vacate the amended sanctions order, as well as the separate Judgment entered by the circuit court in Casuga's favor on September 8, 2000.

## BACKGROUND

On June 18, 1997, Casuga, by and through his attorney, filed an assumpsit complaint in the circuit court against Defendant–Appellee Editha C. Blanco (Blanco), alleging that Blanco had defaulted on a promissory note for $43,500.00 that she had executed in favor of Casuga on September 15, 1995. On November 17, 1997, after Blanco had been served with the complaint and failed to file an answer thereto, Casuga's attorney filed a Request for Entry of Default against Blanco. The court clerk entered default against Blanco on the same day.

On February 13, 1998, Casuga filed a Request for Default Judgment by Clerk,[2] asking that the court clerk enter judgment by default against Blanco "for $54,595.51, which includes principal, interests, court costs and reasonable attorney's fees, computed as of October 17, 1997." Attached to Casuga's request was a Default Judgment by Clerk document prepared by Casuga's attorney for the court clerk's use, in the event Casuga's request was granted. The court clerk signed and affixed the circuit court's embossed seal

to the document on February 13, 1998. However, the document remained stapled to Casuga's Request for Default Judgment by Clerk and was never individually file-stamped. The entry of the Default Judgment by Clerk was thus never recorded in the index of documents filed in this case. The default judgment, signed by the court clerk, provided, in its entirety, as follows:

### DEFAULT JUDGMENT BY CLERK

Upon application of the Plaintiff and upon affidavit that Defendant, EDITH C. BLANCO, is indebted in the sum of $54,595.51, that Defendant has defaulted for failure to appear, and that Defendant is neither an infant nor incompetent person,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff recover of Defendant the sum of $43,500.00, together with interest in the sum of $9,002.45, costs of court in the sum of $155.50, and attorney's fees in the sum of $1,937.56, for a total sum of $54,595.51, as of October 17, 1997.

On October 25, 1999, the court clerk entered an order dismissing the underlying case with prejudice. The Order of Dismissal stated, in relevant part, as follows:

It appearing from court records that the last case activity was on FEBRUARY 13, 1998 and no final document has been filed with the court, IT IS HERBY [sic] ORDERED that the above-entitled action shall be dismissed with prejudice.

(Underscoring in original.) On November 3, 1999, Casuga filed a Motion to Reconsider Order of Dismissal Dated October 23, 1999. In an affidavit attached to the motion, Casuga's attorney stated, in relevant part:

2. [Casuga] was able to obtain on February 13, 1998 against [Blanco] a Default Judgment by Clerk, as shown in the attached documents marked as Exhibit 1 ... which were filed with and received by [c]ourt [c]lerk Howard Ching. The Default Judgment was appended into and firmly stapled with the Request for Default

---

2. The record on appeal indicates that Casuga's attorney had previously filed two other requests

for default judgment by the court clerk that were either not acted upon or denied.

Judgment such that [c]ourt personnel may have inadvertently noticed it.

. . . .

4. Being personally aware of the existence of a judgment rendered in the above-entitled case, [Casuga's] attorney undertook immediate verification with [c]ourt personnel including Naty and [c]ourt [c]lerk Howard Ching who accompanied [Casuga's] attorney at the court's record section to check the files of the case.

5. As verified from the [c]ourt's file of the case, it was found out that the "Default Judgment By Clerk" aforestated was indeed appended into and stapled with the Request for Default Judgment which was filed on February 13, 1998.

6. In light of the foregoing, it is clear that the Order of Dismissal dated October 23, 1999 was inadvertently entered in this case.

7. Furthermore, and in view of the finality of the judgment rendered in this case, it is respectfully submitted that the Honorable Court had no more jurisdiction to order the dismissal of the case.

On February 17, 2000, the circuit court, Judge Kevin Chang (Judge Chang) presiding, found Casuga's motion to be "meritorious" and, therefore, "ORDERED, ADJUDGED AND DECREED that the Court's Order of Dismissal dated October 23, 1999 be and is hereby reconsidered and set aside."

On May 5, 2000, as part of the implementation of an individual trial calendar system in the circuit court, this case was assigned to Judge Sabrina S. McKenna (Judge McKenna) "for all pretrial activity (including pretrial motions), trial and disposition." On May 18, 2000, pursuant to an order of Judge McKenna, the court clerk entered a Notice of Dismissal that ordered dismissal of this case "for want of prosecution pursuant to Rules of the Circuit Courts of the State of [Hawai'i (RCCH)], Rule 29 unless objections showing good cause (specific reasons) are filed within

**3.** Rule 29 of the Rules of the Circuit Courts of the State of Hawai'i provides:
**DISMISSAL FOR WANT OF PROSECUTION IN DEFAULT CASES.**
   A case may be dismissed with prejudice for want of prosecution after notice of not less

five days after receipt of this notice."[3] On May 23, 2000, Casuga filed his Objection to Notice of Dismissal, claiming that dismissal was not warranted because RCCH Rule 29 was "totally inapplicable in this matter since a [c]ourt [j]udgment had been rendered and filed two years ago." Casuga also reminded the circuit court of the similar order of dismissal that had been previously reconsidered and set aside by Judge Chang. On May 31, 2000, the court clerk, pursuant to an order of Judge McKenna, entered an Order Withdrawing Notice of Dismissal, which stated, in relevant part:

IT IS ORDERED that the Notice of Dismissal entered herein on <u>MAY 18, 2000</u> is hereby withdrawn on condition that "[CASUGA'S ATTORNEY] SUBMIT JUDGMENT AS [A] SEPARATE DOCUMENT AS REQUIRED BY HAWAII [HAWAI'I] LAW WITHIN 10 DAYS."

(Underscoring in original.) When Casuga's attorney failed to file a judgment as a separate document in accordance with the condition set forth in the Order Withdrawing Notice of Dismissal, the court clerk signed on July 18, 2000 and filed on July 19, 2000, "BY ORDER OF THE HONORABLE [JUDGE McKENNA,]" a Final Order of Dismissal.

On August 1, 2000, Casuga filed a Motion to Reconsider Final Order of Dismissal Dated July 18, 2000. In a declaration attached to the motion, Casuga's attorney reiterated the history of this case and then stated, in part, as follows:

7. The subject [Final Order of Dismissal], on its caption, cites Rule 29 as ground for the dismissal, but with due respect, said Rule is really inapplicable since there is already a FINAL JUDGMENT in the case.

8. It is believed that this most recent dismissal, just like the 3 previous ones, had been erroneously entered, caused perhaps by a glitch in the computer system.

than 5 days where all defendants are in default and if the plaintiff fails to obtain entry of default and fails to apply for default judgment within six months after all defendants are in default.

9. [Casuga's] attorney, however, would have been able to contribute to the prevention of such an unintended error if he was able to submit a separate Judgment to the [c]ourt as directed by the Clerk of Court.

10. [Casuga's] attorney's failure to submit a separate Judgment to the Clerk of Court was occasioned by honest mistake as he failed to even notice that requirement when he received his copy of the Order Withdrawing Notice of Dismissal dated May 30, 2000, and for such inadvertence he wishes to apologize to the [c]ourt.

11. [Casuga's] attorney's mistake aforesaid has not prejudiced the right of anybody else.

■ As belated compliance of the [c]ourt's previous Order, [Casuga's] attorney hereby submits, as Exhibit 1, the attached duplicate Original of the Default Judgment signed and officially sealed on February 13, 1998 by Clerk of Court, H. Ching[.]

At the August 28, 2000 hearing held on the foregoing motion, the following colloquy ensued between the circuit court and Casuga's attorney:

THE COURT: All right. [Casuga's attorney], I've reviewed your motion and I am prepared to grant it. But, however, I do want to point out to you my concerns. And that is, you know, when I first saw this case I realized it didn't meet the requirements of a separate judgment. And I, therefore, checked it with legal documents and I asked my staff to call you to say, please, just submit a separate judgment because your judgment does not comply with the rule requirements.

And it's my understanding that you were rude to my staff. And you refused to submit such a document. And you gave me no option but to submit another notice of proposed dismissal. And when you objected on the grounds that a judgment had already been filed, I tried to make it absolutely clear to you that it didn't comply with the rules. And I submitted an order saying, I'll set it aside on the grounds that you submit a separate judgment within ten days.

If you—you say you didn't read it, well, you need to read the orders. And then you just ignored my order. And then here we are, then you file this motion.

In my view you've wasted a lot of court time and energy by your just adamant refusal to acknowledge even the possibility that, perhaps, you could have been wrong in terms of the rules.

And you refused to submit a simple separate document that complied with the rules even though we repeatedly asked you to do so. And here we are, you're wasting all of our time.

Because I don't want to prejudice your client, your motion is granted. The final order of dismissal is set aside. However, you must submit a judgment—a separate judgment that meets the requirements of the rules within five days now. Within five days submit your judgment form and make sure that judgment meets the requirement of the rules.

Now, the rules say you don't include a presentation of prior proceedings. So just based on that your prior form was incorrect. You can't say, a default having been entered la-di-da. A judgment is just a simple form, it just says, Judgment. And you don't include a recitation of prior proceedings.

Please review the rules, follow the rules in the future. And at this time I'm imposing a sanction upon you, sir, of $250. This $250 is payable to your favorite charity within seven days. Please provide us with the check written to your favorite charity and a stamped addressed envelope and we will mail the check out for you.

All right, [Casuga's attorney], anything else?

[CASUGA'S ATTORNEY]: Can I just say something, Your Honor?

THE COURT: Yes, go ahead.

[CASUGA'S ATTORNEY]: I was a little bit surprised with the statement, Your Honor, that I was rude. I honestly—it's my first time to know about these things. I don't remember—

THE COURT: Are you saying that my clerk didn't call you and speak to you?

[CASUGA'S ATTORNEY]: No, Your Honor.

THE COURT: Okay.

[CASUGA'S ATTORNEY]: I can—

THE COURT: Mr. Kelly, did you speak to [Casuga's attorney] about this issue?

THE BAILIFF: Your Honor, I don't recall.

THE COURT: Okay. I recall months ago asking you and you informing me. Are you saying that Nadi [sic] Higa downstairs did not speak to you about this issue?

[CASUGA'S ATTORNEY]: No, Your Honor.

THE COURT: Then who answers your phone, sir?

[CASUGA'S ATTORNEY]: I never made a call, Your Honor.

THE COURT: I didn't say you made the call, I'm saying the courts have made the calls.

[CASUGA'S ATTORNEY]: Nobody.

THE COURT: Who answers your phone?

[CASUGA'S ATTORNEY]: My wife acts as my secretary, Your Honor, but I never made any call.

THE COURT: Is your secretary a male?

[CASUGA'S ATTORNEY]: No, female.

THE COURT: All right. Well, perhaps, it's your secretary, sir. I'm not sure who it is, but it was brought to my attention months ago that it was—in any event, [Casuga's attorney], I'm imposing the $250 sanction. And please make your check out to your favorite charity.

In the future, please follow the rules and please pay attention to the court orders, okay. Thank you very much.

At 12:02 p.m. on September 5, 2000, Casuga's attorney filed an Ex–Parte Motion to Set Aside Order Imposing Sanction Against Plaintiff's Attorney. In an attached declaration to the motion, Casuga's attorney denied: (1) "having been rude to anyone including to

Naty"[4]; (2) talking to Naty on the telephone regarding this matter; or (3) talking "to Naty, on the telephone or in person, regarding any request or directive from the [c]ourt for submission of any document pertaining to the above-referenced matter[.]" In an affidavit attached to the motion, the wife and secretary of Casuga's attorney attested that she keeps a log of all calls to the office that request a return call from the attorney but has no entry that a court clerk called, requesting a separate judgment to be submitted in this case. Casuga's attorney requested that the court give him an opportunity to cross-examine "Naty" on the claim. The left bottom corner of the first page of the ex parte motion by Casuga's attorney was stamped "DENIED 22nd DIVISION[.]" Handwritten on the right bottom corner of the first page was the word "DENIED:[,]" followed by Judge McKenna's signature.

At 1:30 p.m. on September 5, 2000, the circuit court filed a written order granting Casuga's motion to reconsider the Final Order of Dismissal. On September 7, 2000, the circuit court entered a written order, imposing sanctions upon Casuga's attorney. The sanctions order provided, in pertinent part, as follows:

> Based upon [Casuga's attorney's] interference with the orderly administration of justice on August 28, 2000, and based upon the [c]ourt's inherent powers, the [c]ourt hereby imposes a sanction of $250.00, with the sanction to be made payable to a registered 501(C)(3) organization of [Casuga's] attorney's choice. [Casuga's] attorney is to submit the check and an open, stamped, and addressed envelope to Judge McKenna's chambers within seven (30) [sic] days of the imposition of the sanction.

On September 8, 2000, the circuit court entered a Judgment prepared by Casuga's attorney, which provided, in substance, as follows:

> Pursuant to Rules 54(c), 55(b) and 58 of the Hawaii [Hawai'i] Rules of Civil Proce-

---

4. "Naty" appears to be the same person as "Nadi Higa" who was referred to at the August 28, 2000 hearing.

dure, Judgment is hereby entered in favor of [Casuga] and against [Blanco].

This [c]ourt expressly directs that final judgments enter pursuant to Rules 54( ) [sic], 55(b) and 58 of the Hawaii [Hawai'i] Rules of Civil Procedure, as there is no just reason for delay.

(Underscoring in original.) On September 15, 2000, the circuit court entered the amended sanctions order, which clarified that the sanctions check from Casuga's attorney must be received within seven, rather than thirty, days. Additionally, the amended sanctions order included the following paragraph, which was not part of the initial order imposing sanction against Casuga's attorney:

*This sanction is imposed solely due to counsel's failure to comply with the specific requirement in the court's May 31, 2000 Order Withdrawing Notice Of Dismissal requiring that "[CASUGA'S ATTORNEY] SUBMIT JUDGMENT AS [A] SEPARATE DOCUMENT AS REQUIRED BY HAWAII [HAWAI'I] LAW WITHIN 10 DAYS."* The court had been previously inclined to impose a much larger sanction amount based on the court's understanding that counsel had been rude to court personnel. After hearing counsel's statements that he had no recollection of ever having spoken to court personnel regarding any requests to submit a separate judgment document, the court imposed the lesser sanction of $250 for the failure to comply with a specific court order.

(Emphasis added.)

On September 20, 2000, Casuga's attorney filed a Notice of Appeal from the amended sanctions order.

## DISCUSSION

### A.

■ Although Casuga's attorney argued during the proceedings below that the circuit court lacked jurisdiction to require a separate judgment to be filed, he failed to raise this issue on appeal, urging us instead to conclude that the circuit court erred and grossly abused its discretion when it imposed the $250.00 sanction on him. The Hawai'i Supreme Court has recognized, however,

that the failure of an appellant to raise a lack-of-jurisdiction issue should not preclude an appellate court from *sua sponte* addressing the issue:

> It is well-established . . . that lack of subject matter jurisdiction can never be waived by any party at any time. *In re Application of Rice,* 68 Haw. 334, 713 P.2d 426 (1986). In setting forth the absolute necessity that a court possess subject matter jurisdiction, this court ruled:
>
> > "The lack of jurisdiction over the subject matter cannot be waived by the parties." If the parties do not raise the issue, "a court *sua sponte* will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid." (Citing *Meyer v. Territory,* 36 Haw. 75, 78 (1942)).
>
> *Id.* at 335, 713 P.2d at 427. Moreover, "[s]uch a question is in order at any stage of the case, and though a lower court is found to have lacked jurisdiction, we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction."

*Chun v. Employees' Retirement System,* 73 Haw. 9, 14, 828 P.2d 260, 263 (1992) (brackets in original).

Accordingly, we *sua sponte* examine whether the circuit court had jurisdiction to order Casuga's attorney to submit a separate final judgment and to sanction him for failing to do so.

### B.

■ Courts in other jurisdictions have generally concluded that once a judgment becomes final, the trial court no longer has plenary jurisdiction to *sua sponte* modify, vacate, or amend the final judgment, or to impose a sanction on a party. *See City of Chicago v. Heinrich,* 187 Ill.App.3d 876, 877–78, 135 Ill.Dec. 322, 323, 543 N.E.2d 890, 891 (1989) (holding that after the entry of judgment, but before the expiration of the thirty-day period after entry of judgment within which post-judgment motions may be filed, the trial court retains jurisdiction to modify or vacate the judgment on the motion of a party or *sua sponte;* however, after the expi-

ration of the thirty-day period without either party filing a post-trial motion, a party seeking relief from a judgment must petition the court in accordance with the procedure set forth by statute); *In re Custody of Landau,* 233 Ill.App.3d 853, 859–60, 175 Ill.Dec. 402, 406–07, 600 N.E.2d 25, 29–30 (1992) (holding that "[a] motion for sanctions must be filed while the trial court has jurisdiction which extends 30 days after judgment or within such time that a post-trial motion is pending"); *Scott & White Memorial Hosp. v. Schexnider,* 940 S.W.2d 594, 596 (Tex.1996) (holding that a trial court's power to impose sanctions terminates when its plenary jurisdiction expires, which, by Texas rule, occurs "thirty days after the court has signed the judgment").

In the present case, the amended sanctions order was filed over two years after the default judgment was entered. No timely post-default judgment motions were ever filed, and no notice of appeal was perfected within thirty days after the entry of the default judgment. Therefore, if the default judgment qualified as a final appealable judgment, as Casuga's attorney argued below, the circuit court lacked jurisdiction to enter another judgment or impose sanctions against Casuga's attorney. We turn, then, to an examination of whether a default judgment constitutes a final appealable judgment.

### C.

■ Hawai'i Rules of Civil Procedure (HRCP) Rule 55, which is modeled after Federal Rules of Civil Procedure (FRCP) Rule 55, provides, in relevant part, as follows:

**DEFAULT.**

(a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) **Judgment.** Judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian, or other such representative who has appeared therein, and upon whom service may be made under Rule 17. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

Pursuant to HRCP Rule 55, a judgment by default involves two steps: (1) the entry of default by the court clerk when it is made to appear, by affidavit or otherwise, that a defending party on any claim has failed to plead or otherwise defend; and (2) the entry of default judgment. *See* J. Moore, 10 *Moore's Federal Practice* § 55.10 (3d ed. 2002).

■ Where default judgment is entered by a court clerk rather than by the court itself, HRCP Rule 55(b)(1) provides that three requirements must be met before a default judgment can be entered: (1) the plaintiff's claim against the defendant must be for a sum certain or for a sum which can, by computation, be made certain; (2) default must have been entered against the defendant because the defendant failed to appear;

and (3) the defendant must not be an infant or incompetent person. In the present case, all three elements were satisfied and are not contested on appeal. Therefore, the default judgment entered by the court clerk in favor of Casuga was valid and enforceable.

■ In insisting that Casuga "SUBMIT JUDGMENT AS [A] SEPARATE DOCUMENT AS REQUIRED BY HAWAI'I [HAWAI'I] LAW WITHIN 10 DAYS[,]" the circuit court appears to have relied on the decision in *Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 869 P.2d 1334 (1994), in which the Hawai'i Supreme Court determined, for two reasons, that it lacked jurisdiction to consider a plaintiff's appeals from two orders granting motions to dismiss filed by various defendants. First, the orders were not "final" because they merely granted the motions to dismiss and did not, on their face, resolve all the claims made against another defendant or contain any "language entering judgment in favor of or against any party." 76 Hawai'i at 117, 869 P.2d at 1336. Second, the orders were never reduced to a separate judgment, as required by HRCP Rule 58,[5] which, similar to FRCP Rule 58, provides, in part, as follows:

**ENTRY OF JUDGMENT.**

... The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. *Every judgment shall be set forth on a separate document.*

(Emphasis added.)

The default judgment entered by the court clerk in this case, however, is clearly distinguishable from the orders at issue in *Jenkins.*

First, unlike *Jenkins,* which involved multiple parties and multiple claims that were not completely resolved by the orders granting the defendants' motions to dismiss, there is only one plaintiff, one defendant, and one claim involved in this case.

Second, unlike the *Jenkins* orders, which had not been reduced to a judgment resolving all the claims against all the parties, the default judgment entered by the court clerk did resolve Casuga's only claim against Blanco by ordering, adjudging, and decreeing "that [Casuga] recover of [Blanco] the sum of $43,500.00, together with interest in the sum of $9,002.45, costs of court in the sum of $155.50, and attorney's fees in the sum of $1,937.56, for a total sum of $54,595.51, as of October 17, 1997."

Third, the default judgment was set forth on a separate document.

■ Finally, it is generally recognized that a default judgment entered by a court clerk, pursuant to FRCP Rule 55(b)(1), "is appealable to the same extent as is a default judgment entered by the court [under FRCP Rule 55(b)(2) ]." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2683, at 27 (1998). Additionally, "[o]nce a judgment by default is entered, it is immediately reviewable by the court of appeals." *Herzfeld v. Parker,* 100 F.R.D. 770, 773 (D.Colo.1984). *See also International Surplus Lines Ins. Co. v. University of Wyoming Research Corp.,* 850 F.Supp. 1509, 1524 (D.Wyo.1994) (holding that "a default judgment is both a final judgment and a judgment on the merits[,]" "entitled to claim preclusive effect"); *Schiff v. Rhode Island,* 199 B.R. 438, 440 n. 3 (D.R.I.1996) (holding that "a default judgment is clearly a final judgment, as it provides a conclusive resolution of the claims presented in the proceedings").

Because the default judgment entered by the court clerk in this case was a separate, final, and appealable judgment for HRCP Rule 58 purposes, the circuit court's plenary jurisdiction to *sua sponte* enter orders in this case expired when no timely post-default judgment motions or notice of appeal were filed. Therefore, the circuit court had no jurisdiction to require Casuga's attorney to submit a separate document as the final

---

5. Federal Rules of Civil Procedure Rule 58 similarly provides that "[e]very judgment shall be set

forth on a separate document."

judgment and to sanction him for his failure to do so.

Accordingly, the amended sanctions order and separate judgment entered by the circuit court were void and are hereby vacated. This case is remanded to the circuit court, with instructions that the court clerk enter the February 13, 1998 Default Judgment by Clerk [6] on the index to the record.

6. We strongly recommend that when court clerks execute default judgments or other documents that have been prepared by parties for the court clerk's convenience and attached to other documents filed with the court, the documents signed by the court clerk be separately filed and indexed in the case record.