Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003357
25-FEB-2015
07:45 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

RICHARD PERRY, Plaintiff-Appellee, v.
ROBERT WILLIAMS, ALSO KNOWN AS
ROBIN WILLIAMS, Defendant-Appellant

NO. CAAP-13-0003357

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0616)

FEBRUARY 25, 2015

NAKAMURA, C.J., FOLEY AND REIFURTH, JJ.

OPINION OF THE COURT BY FOLEY, J.

The instant case arises from an alleged default on a promissory note. Defendant-Appellant Robert Williams, also known as Robin Williams (**Williams**) appeals from the "Order Denying Defendant's Motion to Set Aside Default Judgment" filed August 13, 2013 (**Order Denying Williams' Motion to Set Aside**) in the Circuit Court of the Second Circuit[1] (**circuit court**).

On appeal, Williams contends the circuit court erred in denying his January 23, 2013 "Motion to Set Aside Default

---

[1] The Honorable Joseph E. Cardoza presided.

Judgment" (**Motion to Set Aside Default Judgment**) because the Default Judgment was entered without authority by the circuit court clerk (**Clerk**), entered in violation of Williams' right to due process, and procured by fraud. We vacate the circuit court's Order Denying Williams' Motion to Set Aside because the Clerk did not have the authority to enter the Default Judgment with regard to attorneys' fees.

## I. BACKGROUND

On September 29, 2010, Plaintiff-Appellee Richard Perry (**Perry**) filed a "Complaint on Promissory Note" (**Complaint**) against Williams alleging that Perry loaned Williams $45,000 "[o]n or about September 7, 2007," that Williams executed a "Confirmation Note And Guaranty of Repayment" (**Note**) whereby he promised to repay Perry the $45,000 plus 6% interest by December 31, 2009, and Williams "failed or refused to make payment." The Complaint requested the circuit court enter judgment in favor of Perry and against Williams "for the sum of $45,000 plus interest cost, and attorney's fees."

The Note provided in part:

> 1. **Purpose**. Maker [(Williams)] has entered into an agreement with Payee [(Perry)] regarding the loan of investment funds to [Williams], in connection with the planned development of Marina Puerto Bonito, Las Terrenas, Dominican Republic (the **"Project"**). The terms and provisions of [Perry's] investment in the Project are set forth in the agreement between [Williams] and [Perry], dated August 6, 2007 (the **"Agreement"**). [Perry] has advanced to [Williams] funds in the amount represented by this Confirmation Note and Guaranty of Repayment (the **"Note"**). Per the Agreement, [Williams] has agreed to guaranty the repayment of such funds advanced by [Perry]. The purpose of this Note is to confirm [Williams'] obligation to repay the amounts set forth above, and any additional soft costs advanced by [Perry] that are invoiced and related to the Project, to [Perry] in the event the Project does not proceed. This Note is a recourse obligation of [Williams], and is unsecured.

> 2. **Repayments**. This Note shall bear simple interest at the rate of 6% per annum from September 1, 2007, until paid. The full principal amount of this Note and all accrued and unpaid interest shall be due and payable on December 31, 2009.

> . . . .

> 5. **Attorneys' Fees**. Should suit be brought to enforce, interpret or collect any part of this Note, the

prevailing party shall be entitled to recover, as an element of the costs of suit and not as damages, reasonable attorneys' fees and other costs of enforcement and collection.

6. **Entire Agreement**. This Note, together with the Agreement, constitute the entire agreement between the parties on the subject matter thereof, and supersede any prior negotiation, understanding, representation, or agreement.

On October 7, 2010, "Return and Acknowledgment of Service," was filed, which stated that on October 7, 2010, a "Sheriff/Police Officer" of the State of Hawai'i personally served the "Complaint; Exhibits 'A'; Summons" on Williams. Williams did not sign the acknowledgment of personal service document.

On December 8, 2010, the Clerk filed an "Entry of Default" against Williams pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 55(a) for "having failed to answer, appear or otherwise defend by the date and the time stated in said Complaint . . . ."[2]

On December 13, 2010, Perry's attorney, James P. Brumbaugh (**Brumbaugh**), filed a certificate of service stating that the Entry of Default had been served on Williams by U.S. Mail on December 13, 2010.

On January 20, 2011, Perry filed a "Request for Default Judgment by Clerk," which requested entry of default against Williams pursuant to HRCP Rule 55(b)(1)[3] for the amount of

---

[2] HRCP Rule 55(a) provides:

**Rule 55. DEFAULT.**

(a) **Entry**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

[3] HRCP Rule 55(b)(1) provides:

**Rule 55. DEFAULT.**

(b) **Judgment**. Judgment by default may be entered as follows:

(continued...)

$56,326.46 for "principal, interest, court costs and reasonable attorneys' fees." Brumbaugh attached an affidavit affirming that Perry incurred $8,995.07 in interest, $275 in filing fees, $95.31 in service fees, and $1,961.08 in attorneys' fees.

On January 20, 2011, the Clerk entered the Default Judgment against Williams in accordance with the amounts specified in Perry's request and Brumbaugh's affidavit.

On January 23, 2013, Williams filed his Motion to Set Aside Default Judgment, arguing that the Default Judgment should be set aside because: (1) Perry's "request was not for a sum certain" and thus the Clerk lacked authority to issue the Default Judgment under HRCP Rule 55(b)(1) and therefore the judgment should be set aside pursuant to HRCP Rule 55(c)[4]; (2) entry of the Default Judgment violated HRCP Rule 54(c)[5] and Williams' due process rights and therefore the judgment should be set aside

---

[3](...continued)
(1) BY THE CLERK. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

[4]     HRCP Rule 55(c) provides:

**Rule 55.    DEFAULT.**

(c) **Setting aside default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with [HRCP] Rule 60(b)."

[5]     HRCP Rule 54(c) provides:

**Rule 54.    JUDGMENTS; COSTS; ATTORNEY FEES.**

(c) **Demand for judgment.** A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

4

pursuant to HRCP Rule 60(b)(4)[6]; and (3) Perry's request for entry of the Default Judgment was knowingly made as an improper request constituting fraud and therefore the judgment should be set aside pursuant to HRCP Rule 60(b)(3).[7]

"Exhibit 5" to Williams' Motion to Set Aside Default Judgment was a Counterclaim that included its own exhibit, "Exhibit A," which appears to be an email sent on August 6, 2007. The subject line of the email states that it is the third draft of "an Agreement for Marina Puerto Bonito Partnership" (**Agreement**). The body of the email appears to be a copy of a notarized document allegedly signed by Williams and Perry in which Williams agreed to pay Perry 10% of the profits from a project that planned to develop and sell "285 condominium and town house [units] plus 285 boat slips and 2 boutique hotels" (**Project**) in Las Terrenas, Dominican Republic in exchange for a $700,000.00 investment paid in specified stages. Williams' Counterclaim, which alleges that Perry breached the Agreement, includes the following allegations:

> 5. [Williams] confided confidential information about the [Project] to the [Perry] and, in reliance upon the Agreement and [Perry's] representations and promises, ceased to seek other partners in the development of this [Project].

> 6. [Perry] commenced his performance under the Agreement and partially performing by providing sums as agreed pursuant thereto. [Perry] further represented to the [Williams] that he had the necessary cash funds which were immediately available to fully perform the Agreement.

> 7. [Perry], without any reason therefore, notified [Williams] that he was going to fully breach the Agreement and led [Williams] to believe that he might reconsider his position if [Williams] executed a confirmation note and guaranty of payment as an addendum to the Agreement. [Williams] agreed to amend the Agreement by adding to the Agreement a confirmation note and guaranty of payment dated January 30, 2013 which merely set forth the funds that [Perry] had advanced and reaffirmed the Agreement.

---

[6]     HRCP Rule 60(b)(4) (**RELIEF FROM JUDGMENT OR ORDER**) provides that a court may set aside a judgment if "the judgment is void[.]"

[7]     HRCP Rule 60(b)(3) (**RELIEF FROM JUDGMENT OR ORDER**) provides that a court may set aside a judgment on the basis of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]"

8. [Perry], despite [Williams'] full cooperation and performance under the Agreement, refused to perform thereunder and remains in breach of the Agreement.

9. [Perry's] breach caused [Williams] to be unable to proceed with the project, damaging [Williams] for the sums as set forth therein[.]

10. [Williams], in reliance on the Agreement and [Perry's] performance, had incurred and further incurred out of pocket sums in an amount in excess of $100,000.00, the exact amount of which will be proven at trial, which were lost as the result of the [Perry's] breach.

11. [Williams], as the result of the [Perry's] breach of the Agreement, suffered damages of up to $99,000,000.00, the exact amount of which will be proven at trial.

At the February 22, 2013 hearing on Williams' Motion to Set Aside Default Judgment, Williams' counsel, Gordon Stewart (**Stewart**), argued that the Default Judgment was void because Perry's request for reasonable attorneys' fees did not constitute a "sum certain" and thus the Clerk did not have authority to enter the judgment under HRCP 55(b)(1). Brumbaugh responded that "[i]f the Court has some problem with the attorney fees issue, they can strike the attorney fees; but we would request that the underlying judgment remain." When the circuit court asked Brumbaugh to clarify his argument with respect to the attorneys' fees, Brumbaugh stated that the "[a]ttorney fees were within the parameters of the law and certainly reasonable." Brumbaugh then reiterated that if the circuit court agreed with Stewart "that the attorney fees were not a sum certain[,]" the court should strike the attorneys' fees and allow the remainder of the Default Judgment to stay in place. Stewart responded "that if there is any irregularity in [the Default Judgment], it is a nullity[,]" and that the circuit court can decide whether the attorneys' fees are reasonable.

In denying Williams' Motion to Set Aside Default Judgment, the circuit court explained:

[HRCP] Rule 55 authorizes default to be entered by the clerk if it is for a sum certain or a sum that can be calculated. In this particular instance, the sum was for $45,000, and that's clearly set forth in the complaint, and simple interest per annum.

[HRCP] Rule 55(d)(1) [sic] provides in relative [sic]

part that when the plaintiff -- claim against a defendant is for a sum certain or a sum which can be, by computation, be made certain. The clerk, upon request of the plaintiff and upon affidavit of the amount due, shall enter judgment for that amount and costs against the, defendant, if the defendant has been defaulted for failure to appear and is not a infant or incompetent person.

In this particular instance, the request for entry of default judgment was for, as I noted, for the sum certain together with interest. And that interest was one that could be calculated based on the note.

The Court is satisfied that in this particular instance, the clerk properly entered the default judgment in this case, and about — notwithstanding the arguments of the defendants at this point in time, the Court is of the view that given the record herein, that the motion to set aside default judgment should be and is hereby denied.

Stewart asked the circuit court to clarify whether it had found that the Clerk had "the capacity to compute the attorney fees even though they were not supported by an affidavit of counsel or declaration of counsel[.]" The circuit court responded that "the Court prefers an affidavit in support of fees and costs[,]" but the parties had reached "an agreement relative to fees and costs[,]" and the amount requested for the fees and costs "was clearly well within . . . what was provided for by law." The circuit court then instructed Brumbaugh to supplement the record with an affidavit or declaration supporting fees and costs and that the court would review the affidavit "to see if there is any basis[;]" and would "issue an order one way or the other just indicating whether the declaration fails to support the fees and costs. Or if it does, then the amounts will stand."

By letter dated April 4, 2013, Brumbaugh notified the circuit court that on March 14, 2013, he sent an affidavit and exhibits in support of Perry's attorneys' fees and costs to Stewart, and enclosed the affidavit for the court.

On June 19, 2013, Williams filed a motion to reconsider the circuit court's February 22, 2013 oral order denying Williams' Motion to Set Aside Default Judgment and objection to Perry's proposed order denying the Motion to Set Aside Default Judgment (**Motion to Reconsider**). Williams argued that the oral ruling was clearly erroneous because the Clerk did not have the

authority to award attorneys' fees and thus the Default Judgment was void, and that new information revealed that the attorneys' fees awarded were not reasonable. At the July 31, 2013 hearing on Williams' Motion to Reconsider, Stewart stated that Perry's request for a default judgment should have been filed under HRCP Rule 55(b)(2), which provides that the court may enter default judgment when the clerk lacks authority, but did not articulate reasoning for this conclusion. The circuit court denied Williams' Motion to Reconsider based on its conclusion that the services which were the basis for the attorneys' fees awarded were paralegal in nature rather than clerical.

On August 13, 2013, the circuit court filed its Order Denying Williams' Motion to Set Aside.

On September 12, 2013, Williams filed his notice of appeal from the circuit court's Order Denying Williams' Motion to Set Aside.

On September 23, 2013, the circuit court filed an order denying Williams' Motion to Reconsider.

## II. STANDARD OF REVIEW

### Motion to Set Aside Default Judgment

> In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act. The mere fact that the nondefaulting party will be required to prove his [or her] case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.

BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976) (citations omitted).

The three-part test set forth by BDM, however, does not apply "where the default judgment was void . . . ." Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 196, 268 P.3d 443, 449 (App. 2011). A circuit court's ruling on whether a default judgment is void is reviewed de novo because "[t]he determination of whether a judgment is void is not a discretionary issue." Id. at 195, 268 P.3d at 448 (citation and

8

internal quotation marks omitted). "A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Id. (citation and internal quotation marks omitted).

### III. DISCUSSION

Williams argues that the Default Judgment is void for the following three reasons: (1) the Clerk did not have the authority to enter the judgment for lack of a "sum certain" as required by HRCP Rule 55(b)(1); (2) the Default Judgment violated his right to due process; and (3) Perry's request for a default judgment constituted fraud.

Under HRCP Rule 55(b)(1), a court clerk, rather than the court itself, may enter a default judgment if:

> (1) the plaintiff's claim against the defendant must be for a <u>sum certain or for a sum which can, by computation, be made certain</u>; (2) default must have been entered against the defendant because the defendant failed to appear; and (3) the defendant must not be an infant or incompetent person.

Casuga v. Blanco, 99 Hawaiʻi 44, 50-51, 52 P.3d 298, 304-05 (App. 2002) (emphasis added).

Although the question of whether a request for reasonable attorneys' fees may constitute a "sum certain or for a sum which can, by computation, be made certain" under HRCP Rule 55(b)(1) is not addressed by Hawaiʻi precedent, federal precedent offers sound guidance. See Gonsalves v. Nissan Motor Corp. in Hawaiʻi, Ltd., 100 Hawaiʻi 149, 159, 58 P.3d 1196, 1206 (2002) (holding that the federal court interpretations of the Federal Rules of Civil Procedure (**FRCP**) "are deemed to be highly persuasive" when interpreting a Hawaiʻi procedural rule that was modeled after the federal rule). FRCP Rule 55(b)(1) contains language nearly identical to that of HRCP Rule 55(b)(1). FRCP Rule 55(b)(1) provides:

> Rule 55. Default; Default Judgment
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a <u>sum certain or a sum that can be made certain by computation</u>, the clerk--on the plaintiff's request, with an affidavit

9

> showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(Emphasis added.)

Under the federal rules, a court clerk may not enter a default judgment under FRCP Rule 55(b)(1) when a plaintiff seeks "not only a 'sum certain,' but also, attorney's fees." See, e.g., Deutsche Bank Nat. Trust Co. v. Strunz, 2013 WL 122644 (M.D. Pa. Jan. 9, 2013) (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.20[4] (Matthew Bender ed.2010) ("A claim for attorney's fees will rarely be for a 'sum certain' because, typically, a judicial determination is necessary to decide whether to award fees, and, if an award will be made, in what amount.")); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2683 (3d ed. West 2014) ("[T]he need to fix 'reasonable' attorney's fees prevents the clerk from entering a judgment under [FRCP] Rule 55(b)(1)."). The amount requested for "reasonable" attorneys' fees does not constitute a "sum certain" within the meaning of FRCP Rule 55(b)(1) because "[t]he reasonableness of the fees requested . . . is a 'judgment call' which only the Court can make." Combs v. Coal & Mineral Mgmt. Servs., Inc., 105 F.R.D. 472, 475 (D.D.C. 1984); see also Ferraro v. Arthur M. Rosenburg Co., 156 F.2d 212 (2d Cir. 1946) (holding that the need to fix a "reasonable" attorneys' fee prevented the clerk from entering default judgment on a complaint seeking overtime compensation and liquidated damages).

Here, Perry's request for default judgment sought "$56,326.46, which includes principal, interest, court costs and reasonable attorneys' fees[,]" and attached an affidavit stating that Perry incurred $1,961.08 in attorneys' fees. The affidavit goes to the "certainty" of the amount incurred by Perry for attorneys' fees, but not to the "certainty" or "reasonableness" of the amount of attorneys' fees that Williams should be required to pay. Combs, 105 F.R.D. at 475. We hold that the Clerk lacked authority to enter the Default Judgment under HRCP 55(b)(1)

because Perry's request for attorneys' fees did not constitute a request for a "sum certain." The circuit court erred in denying Williams' Motion to Set Aside Default Judgment because the Default Judgment was void as to the attorneys' fees. See McGrew v. McGrew, 82 P.3d 833, 841 (Idaho S. Ct. 2003) ("If a judgment is only void in part [under the Idaho counterpart to HRCP Rule 60(b)(4)] and the void portion can be separated from the balance, relief may be granted to that extent."). Accordingly, the Order Denying Williams' Motion to Set Aside is vacated.

Because we vacate the Order Denying Williams' Motion to Set Aside, Williams' two other arguments are moot.

## IV. CONCLUSION

For the foregoing reasons, we vacate the "Order Denying Defendant's Motion to Set Aside Default Judgment" filed August 13, 2013 in the Circuit Court of the Second Circuit, and remand this case for proceedings consistent with this opinion.

On the briefs:

Rebecca A. Copeland
for Defendant-Appellant.

Ted N. Pettit
Dana R. Lyons
(Case Lombardi & Pettit)
for Plaintiff-Appellee.

11